H. L. WILCOX *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAIL-
ROAD COMPANY.

November 5, 1877.

Proof of Agency—Delivery by Carrier.—In an action against a carrier of
goods, where it is claimed that he delivered them to a person not author-
ized to receive them, no greater degree of proof of authority in the per-
son to whom they were delivered, to receive them, is required than for
any other issue in a civil action.

Same—Recognition by Principal.—A single act of an assumed agent, and a
single recognition of his authority by the principal, if sufficiently une-
quivocal, positive and comprehensive in their character, may be suf-
ficient to prove agency to do other similar acts.

Request for Instruction Withdrawing Question of Fact from Jury.—A re-
quest for an instruction which in effect withdraws from the jury any
controverted question of fact is properly refused.

Request for Instruction as to Proof of Fact not at Issue.—A request to instruct
the jury as to the sufficiency of evidence to establish a fact not within
the issues, is, although abstractly correct, properly refused as calculated
to divert the attention of the jury from the real issues.

Evidence—Verdict.—Sufficiency of the evidence to sustain a verdict con-
sidered, and the verdict sustained.

Appeal by plaintiff from an order of the district court for
Ramsey county, *Brill,* J., presiding, denying a motion for a
new trial, after verdict for the defendant.

*S. L. Pierce,* for appellant.

*Bigelow, Flandrau & Clark,* for respondent.

GILFILLAN, C. J. Action for failure to deliver to plaintiff
two lots of sewing machines, one of twelve, and one of twenty-
four machines, received by defendant at Chicago, consigned
to and to be by defendant delivered to plaintiff at Minneap-
olis. The machines were carried by defendant to Minneapo-
lis, and there delivered to one J. S. Parsons. The controversy
in the case is over the authority of Parsons to receive the
machines. A verdict was returned for defendant.

The plaintiff requested the court to instruct the jury that

"in regard to the authority of the person receiving the property from the defendant, mere preponderance of proof of authority is not sufficient. The fact of authority must be clearly established by the defendant." The court declined so to instruct.

Undoubtedly, a carrier who delivers goods to any person other than the consignee must establish the authority of the person to receive them. But this request seems to assume that, to establish such authority, requires a degree of proof greater than that required to establish any other issue in the case, and therein the request was wrong, for such an issue in a civil action is to be tried and determined like other issues in civil actions.

Plaintiff also requested an instruction that "in order to raise a presumption that a person is authorized to act for another, the acts and recognitions of acts relied upon as evidence of authority must be more than one act of the alleged agent, and one recognition of the act by the principal. They must have been done often enough to raise in the mind of a person of ordinary care a presumption of authority given by the principal to the alleged agent." Which request was refused.

This request is bad; a single act of the agent and a recognition of it by the principal may be so unequivocal and of so positive and comprehensive a character, as to place the authority of the agent to do similar acts for the principal beyond any question. The value of such proof does not depend so much on the number of acts as upon their character.

The plaintiff further requested an instruction that "the conversation between Wilcox and the witness Parsons cannot operate as a sale of the machines, because not in writing." This was refused. The conversation alluded to was between Wilcox, J. S. Parsons, and one D. T. Parsons, in which the two Parsons testify that Wilcox agreed to have shipped from Chicago to D. T. Parsons, at Minneapolis, machines enough, at an agreed price per machine, to amount to a certain sum, and that they should be received at Minneapolis by J. S. Parsons for D. T. Parsons. This conversation was proved

to show authority from plaintiff to J. S. Parsons to receive the machines from the defendant.

There was no issue upon any sale by plaintiff to D. T. Parsons, and while it might have been proper for the court to instruct the jury that for that reason they were not to consider any evidence in the case, whatever its character, as establishing a sale, it would not have been proper for it to give an instruction which, though abstractly correct, might mislead the jury as to what were the proper issues to be determined. Had the instruction requested been given, the jury might easily have been led to suppose that a sale to D. T. Parsons was in issue, when in fact it was not, and their attention might thus have been diverted from the real issues.

The court is not required to give any instruction, however correct it may be in the abstract, which does not bear upon the issues on trial. The request was properly refused.

Another request of plaintiff for instruction was: "The authority verbally conferred on J. S. Parsons to receive the machines shipped to D. T. Parsons was not an authority given by Wilcox for J. S. Parsons to receive the twenty-four machines consigned to Wilcox." This was refused.

The request would have withdrawn from the jury and determined the effect of the facts upon which the defence, so far as related to those machines, rested. The theory of the defence as to those machines evidently was that they were shipped by plaintiff pursuant to the arrangement between him and J. S. and D. T. Parsons, and for the purpose of carrying it into effect; that they were the machines which he had agreed that he would ship to, and which J. S. Parsons should receive at, Minneapolis. Because it would have excluded from the jury the consideration of material facts, it was properly refused.

There remains to consider only the point that the verdict is not justified by the evidence. The only deficiency claimed is as to the authority of J. S. Parsons to receive the machines. The evidence was not of the most satisfactory kind, but we

think the jury might fairly find from it that the authority existed. And we will, although we do not intend as a general rule to pursue such a course, point out how the conclusion might be reached. Plaintiff was state agent for Minnesota for the sale of the Wilson Sewing Machine, manufactured at Chicago. His place of business was St. Paul, and he does not appear to have had any place of business or to have been doing any business except in connection with J. S. Parsons, at Minneapolis. The latter was engaged in selling at Minneapolis the same machines, which he procured for that purpose from plaintiff, under some arrangement which made him a partner with plaintiff, or a sub-agent of or a purchaser from him. Plaintiff had been in the habit, from time to time, of sending him machines to sell from St. Paul to Minneapolis. A short time before the twelve machines were shipped from Chicago, Parsons asked plaintiff, in order to save cartage, to ship twelve machines direct from Chicago to Minneapolis. Twelve were shipped by plaintiff from Chicago, consigned to himself at Minneapolis. If these machines were intended by plaintiff for Parsons, under his order, and the jury might so find from the fact that no other reason for sending them to Minneapolis appeared, the authority of Parsons to receive them was made out. That they were consigned to Wilcox instead of Parsons is not conclusive that they were not sent pursuant to Parsons' order, for him to receive and sell, as prior to that time he had received and sold others sent to him for that purpose. And a precisely similar conclusion might for a similar reason be reached as to the twenty-four machines.

Order affirmed.