[No. 11684.   In Bank.— February 20, 1888.]

## ISAAC QUINN, Appellant, *v.* WILLIAM DRESBACH ET AL., Respondents.

Ostensible Agency. — Where a person is the agent of another in the commencement of a transaction, and such other is chargeable with knowledge that the first is continuing to act in the matter in *some* way, the inference which he ought to draw is that the person assuming to act as agent is continuing to act in the same capacity in which he commenced, and it is negligence not to repudiate the agency.

Id. — Promissory Note — Payment. — Where the holder of a note, residing at a different place from the maker, employs an attorney at law, who resides in the same place as the maker, to collect the note; and an arrangement is effected by the attorney by which a new note is given for a larger amount, which note is deposited in a bank at the residence of the holder; and the maker in good faith pays most of the interest and a part of the principal to the attorney, who forwards the same to the bank, which credits them upon the note; and the last payment of the principal is embezzled by the attorney, he must be taken to be the ostensible agent of the owner of the note, and the loss must fall upon the latter.

Id. — Collection by Owner of Note Deposited in Bank. — The owner of a note deposited in bank for collection may receive payment through another agent. The want of possession of the note, although a circumstance to be considered, is not conclusive.

Appeal from a judgment of the Superior Court of Yolo County, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. C. Ball, Add. C. Hinkson, Jo. Craig,* and *J. W. Armstrong,* for Appellant.

*A. Morgenthal,* for Respondents.

HAYNE, C.—Action to enjoin a sale by defendants under a deed of trust given to secure the payment of a promissory note. The plaintiff paid the amount of the note to one Treadwell, who appropriated the money to his own use, and the question is, whether Treadwell was the agent of the payee.

Treadwell was not the actual agent of the payee in the matter. It is true that the plaintiff testifies that he was instructed by the payee to pay to Treadwell. But the payee denies this, and in view of the rule in cases of a substantial conflict in the evidence, it must be assumed that there was no actual agency. Then was there an ostensible agency?

The facts as shown by uncontradicted evidence are as follows: The land which is the subject of the deed of trust was sold by the defendant Haneke to the plaintiff. The plaintiff gave his promissory note for eight hundred dollars, and assumed the payment of an outstanding indebtedness secured upon the property. Neither of these obligations having been met, the defendant Haneke placed the matter in the hands of Treadwell, who was an attorney at law residing in Yolo County, where the property is situated and where the plaintiff resided. The result of Treadwell's operations was the advance by Haneke of money to pay off the outstanding indebtedness, and the taking of a new note from plaintiff covering the amount of the former note and the amount advanced by Haneke. So far, there is no kind of doubt but that Treadwell was the agent of Haneke for the collection of the principal and interest of the first note. This agency, however, terminated with the giving of the second note. This note was by its terms payable at the Bank of California in San Francisco; and the note was given to the

bank for collection. The plaintiff seems to have known of this fact. He fell into the habit, however, of paying his interest to Treadwell, who assumed still to be the agent of Haneke. At least six payments of interest were made in this way. Treadwell sent the money to the bank, and the receipts therefor were forwarded to him, and by him delivered to the plaintiff. On some occasions, however, the plaintiff sent the interest to the bank through one R. W. Pendergast, who had no connection with Treadwell. Not only was interest paid to Treadwell, as above stated, but on one occasion a part payment of the princi-. pal was made to him. This payment was sent by Treadwell to the bank with the following letter:—

"WOODLAND, Dec. 24, 1881.

"THOMAS BROWN, ESQ., Cashier Bank of California: Herewith I send you check for $437.50 on the part of Isaac Quinn, being $400 principal and $37.50 interest on note favor of Carl Haneke. I also send receipt of tax of Carl Haneke on mortgage given to secure said note, amounting to $36, which was *paid* by Mr. Quinn. This makes up the amount of $73.50 interest due December 27th. Please acknowledge receipt. Yours,

"W. B. TREADWELL."

This payment of the principal was properly credited on the note.

There can be no doubt but that the plaintiff believed in good faith that Treadwell remained the agent of Haneke for the collection of the principal and interest after the giving of the second note. And this belief was justified by the conduct of Haneke. Plaintiff had made one payment of principal to Treadwell, and this payment had not been repudiated by Haneke, but was credited upon the note. Ostensible authority may be conferred by the recognition of a single act of the agent if sufficiently unequivocal. (*Wilcox* v. *C. M. & St. P. R. Co.*, 24 Minn. 270.)

It was negligence in Haneke to have allowed the

plaintiff to act under the belief that Treadwell was authorized to receive the money. Haneke was chargeable with knowledge that Treadwell continued to act in *some* way in the matter. He was chargeable with this knowledge, because the bank knew it, and the bank was his agent for the collection of the debt. (See *Bierce* v. *Red Bluff Hotel Co.*, 31 Cal. 166.) Now, if Haneke knew that Treadwell was continuing to act in the matter *at all*, the only inference which he was entitled to draw, and the one which he ought to have drawn, was that he was continuing to act as he had commenced, viz., as his (Haneke's) agent. It was not a natural inference that Treadwell had changed his position in the matter, and was acting for the other side. The presumption was that he was assuming to act for Haneke, and we think that this was what nine out of ten business men would have thought. This being the case, Haneke ought to have repudiated the assumed agency, and not have suffered the matter to stand as it did.

The Civil Code provides that: "Ostensible authority is such as a principal intentionally or *by want of ordinary care* causes *or allows* a third person to believe the agent to possess." (Civ. Code, sec. 2319.)

And this is the embodiment of a well-established principle of the common law, which has been called "the foundation of the law of agency." (1 Parsons on Contracts, *44; *Kasson* v. *Noltner*, 43 Wis. 650.)

Nor does the fact that the note was not in the possession of Treadwell change the result. The want of possession of the note is a circumstance to be considered in determining the question of authority, but is not conclusive. The fact that the bank held the note for collection would not prevent the owner from collecting it himself. (*Flanagan* v. *Brown*, 70 Cal. 257.)

The circumstance that Haneke had assigned the note to his daughter, and that it was owned by her at the time of the final payment to Treadwell, is not material,

because the transfer was after the maturity of the note, and no notice was given to the plaintiff. (*Bank of Stockton* v. *Jones*, 65 Cal. 437; and compare *Preston* v. *Grayson County*, 30 Gratt. 497; *Gibson* v. *Pew*, 3 J. J. Marsh. 223.)

This view of the case renders it unnecessary to consider the interesting question as to the power of the court below to change its findings.

We therefore advise that the judgment and order denying a new trial be reversed, and the cause remanded for a new trial.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order denying a new trial are reversed, and cause remanded for a new trial.

McKINSTRY, J., expressed no opinion.