## McVAY v. BRIDGMAN et al.

Where the court makes full findings of fact, a conclusion of law: "Wherefore, from the foregoing, the court finds that plaintiff is entitled to judgment as prayed"—is sufficient.

Interest coupons when detached from the mortgage note being transferable by indorsement apart from the note, the fact that such coupons when presented to the maker for payment bore an indorsement transferring them to plaintiff's intestate did not constitute notice that the note itself had been also transferred to him.

The owners of certain land executed a note and deed of trust securing the same to D.'s wife; D. being named as trustee. D., with his wife's authority, transferred the note by indorsement to plaintiff's intestate, but did not execute any assignment of the trust deed, and thereafter plaintiff's intestate, without notifying the makers of the note of the transfer, permitted D. to collect interest, etc., as his agent, and in this situation the makers paid he note and interest to D., and took a release of the trust deed from him, which was duly recorded. **Held**, that though D. failed to account for the money so collected, payment to him dicharged the indebtedness to intestate as between him and the maker and the holders of subsequent liens, under Rev. Civ. Code, § 24.42, declaring that, where one of two innocent parties must suffer by the act of a third, he by whose negligence it happened must bear the loss.

(Opinion filed, August 20, 1907.)

Appeal from Circuit Court, Bon Homme County. Hon. E. G. SMITH, Judge.

Action by William H. McVay, as admiinistrator of the estate of Timothy O'Brien, against Hosea Bridgman and others. From a judgment for plaintiff, defendants appeal. Reversed and complaint dismissed.

*Elliot & Stillwill* and *N. J. Cramer,* for appellants.

The note provided for the payment of attorneys' fees if suit be commenced to collect the note or foreclose the trust deed, and suit might be commenced on the note if default was made in the payment of any coupon or interest, and to foreclose trust deed for failure to pay taxes, insure buildings, or perform any of the covenants therein, or do, or fail to do anything whereby the security might be lessened. Those provisions made the note uncertain as to time and the amount of payment. Whitwell v. Winslow, 134 Mass. 343; Way v. Smith, 111 id. 523; Stolts v. Silva, 119 id. 137; Cushman v. Haynes, 37 id., 132; Palmer v. Ward, 72 id. 340; Mahoney v. Fitzpatrick, 133 id. 151; Castello v. Crowell, 120 id. 293; Hubbard v. Moseley, 77 id. 170; Haskell v. Lambert, 82 id. 592; Scallans v. Rawlins, 53 N. E. 863. A contract is to be determined according to the law and usage where it is to be performed, or, if it does not indicate the place of performance, according to the law or usage where made. Civil Code, Sec. 393; Bigelow v. Burham, 83 Ia. 120; 1 Daniel Neg. Instr., Secs. 879, 903-5; Ruhe v. Buck, 124 Mo., 178. It is the duty of the assignee to give notice to the maker of the assignment and of their interest therein, to stop payment to the original owner or holder, and in the absence of such notice the payment to the original owner is good and the assignee can look to the assignor for the money received by him. The notice is a measure of precaution to put him upon inquiry. 1 Daniel Neg. Instr., Sec. 742. Notice of the assignment of a non-negotiable note or chose in action must be given to the debtor to stop payment to him, and payment to him will be good until notice is given. Foster v. Carson, 159 Pa. St. 477; Graham Paper Co. v. Pembroke, 124 Cal. 117; 1 Daniel Neg. Instr., Secs. 741, 742; Bank v. Jones, 65 Cal. 437; Van Buskirk v. Hartford F. .D Co., 14 Conn. 14. The notice may be actual or constructive. Civil Code, Sec. 2108; Lodge v. Simolton, 23 Am. Dec. 36; Converse v. Baumrich, 14 Mich. 109; Allen v. McCalla, 25 Ia. 464. The court erred in not finding conclusions of law. The statement that plaintiff was entitled to judgment, as prayed, in the decision amounts to nothing. The law requires the conclusions to be specifically stated

and sufficient to base a judgment thereon, and the judgment cannot contain any provisions not embraced in the decision. 3 Waite's Practice, 216-218. A decision should contain both findings of fact and conclusions of law. The law is not merely directory. A general statement in the decision as existed in equity practice prior to the Code is not good.

*Gamble, Tripp & Holman*, for respondent.

A debtor cannot pay the original creditor, and thereby discharge the debt, unless he was the creditor, or owner of the debt, or had authority to receive payment: Seymour v. Smith, 114 N. Y. 481; Brewster v. Carnes, 103 N. Y. 556; Trustees v. Wheeler, 61 N. Y. 88. When the debtor attempted to settle with some other than the legal owner, in order to have the same effectual, the duty devolves upon him of showing that the person with whom the settlement was made at the time had the right to receive the payment and make the settlement. Mulcahy v. Tenwick, 161 Mass. 161. The court did find the full and proper conclusions of law by this: "Wh refore, from the foregoing the court finds that the plaintiff is entitled to judgment as prayed." Ward v. League, 24 S. W. 986; Sear v. Dixon, 33 Cal. 330; Gaffney v. Megrath, 11 Wash. 456.

CORSON, J. This is an action by the plaintiff, as administrator of the estate of Timothy O'Brien, deceased, to foreclose a trust deed. Findings and judgment being in favor of the plaintiff, the defendants have appealed. The court in this case made very full findings of fact, but omitted to state separately its conclusions of law, except in the following form: "Wherefore, from the foregoing, the court finds that the plaintiff is entitled to judgment as prayed." Counsel for appellants contend that, by reason of the ommission to state its conclusions of law, the court committed error for which appellants are entitled to a reversal of the judgment; but we are of the opinion that the court's conclusion is sufficient as a statement of its conclusions of law. It appears in substance from the findings of the court that in the latter part of December, 1885, the defendants, Hosea and Hannah Bridgman, applied to J. M. Dunn, of Le Mars, Iowa, through one W. T. Williams, an attorney at law at Tyndall, for a loan of $1,000. The application was forwarded to said J. M. Dunn, who forwarded the same to Jeffries

& Sons, at Boston, Mass., and they, having made arrangements for the loan with plaintiff's testator, wired said J. M. Dunn, who thereupon forwarded to said Williams a note to be executed to P. M. Dunn, the wife of said J. M. Dunn, as payee, and a trust deed naming himself therein as trustee. The note and trust deed were executed by the said Hosea and Hannah Bridgman, and forwarded to said J. M. Dunn, who indorsed the note in the name of his wife, P. M. Dunn, and thereupon forwarded the same with the trust deed to Jeffries & Sons, who delivered the same to the plaintiff's testator. The court in effect finds that J. M. Dunn was authorized by his wife, P. M. Dunn, to indorse the note in her name and that the note was not negotiable by the laws of Massachusetts where it was made payable. Attached to the note were 10 coupons with interest payable semiannually, and prior to the year 1888 five of these coupons were paid to the said J. M. Dunn by the defendants Hosea and Hannah Bridgman, and on the back of each was in the indorsement: "Pay to the order of Timothy O'Brien. Without recourse. P. M. Dunn." In 1888 Hosea and Hannah Bridgman paid off the said mortgage by remitting to J. M. Dunn a draft drawn in his favor for $1,061, which amount they had been informed by said J. M. Dunn would pay off the note, and thereupon said J. M. Dunn, trustee named in the trust deed, forwarded a release of said trust deed, which was duly recorded. Subsequently, in 1890, the plaintiff's testator commenced an action in the circuit court to foreclose said trust deed, fully stating in his complaint the facts relating to the transactions. In that action a notice of lis pendens was filed, and the complaint was duly served upon Hosea and Hannah Bridgman and Stephen Babcock, defendants herein. In 1897 that action was dismissed, and in 1899 the present action was instituted. The court further finds that all of the defendants had notice of sufficient facts to put them upon inquiry, and that the defendants Hosea Bridgman and wife are liable, as makers of the note and trust deed, by reason of the notice above mentioned, and that Babcock and Miller, the other defendants herein named, took subsequent mortgages upon the property, and that, in view of such notice, their mortgages are held by them as subordinate to the mortgage of the plaintiff's testator.

The findings of the court as to such notice being had by the defendants is challenged by the plaintiff as not being supported by the evidence. It will be observed that, so far as the record discloses, Bridgman and wife had the right to assume that they were obtaining the loan from J. M. Dunn. They had no notice, actual or constructive, that the money was furnished by the plaintiff, or that the note and trust deed had been transferred to the plaintiff's intestate by J. M. Dunn or P. M. Dunn at the time they paid the amount due thereon other than the indorsements made upon the coupons which were forwarded to them by J. M. Dunn. These coupons when detached from the note were transferable to parties independently of the note itself, and the only notice imparted by the indorsements upon these coupons to Bridgman and wife was that these particular coupons had been transferred to the plaintiff's intestate, and did not constitute notice, actual or constructive, that the note itself had been transferred to the plaintiff's intestate.

It will be further observed from the evidence that these coupons were forwarded to the defendants Bridgman and wife by J. M. Dunn, and payment thereon made to him. J. M. Dunn being named as trustee in the trust deed, and being held out by the plaintiff's intestate, ostensibly at least, as his agent in the collection of the coupons, Bridgman and wife were justified, in our opinion, in believing that J. M. Dunn was authorized to receive payment of the amount due upon the note and to release or enter satisfaction of the trust deed. It is true the note itself was made payable to P. M. Dunn, the wife of J. M. Dunn; but, as we have seen the court in effect finds that J. M. Dunn was authorized to sign her name in transferring the note, and for the purposes of this decision, we may regard the note in effect payable to J. M. Dunn. The findings of the court, therefore, that Bridgman and wife had actual or constructive notice of facts sufficient to put them upon inquiry as to the ownership of the note at the time they paid the same, is, in our opinion, not supported by the evidence.

This case presents another of that class of cases in which one of two innocent parties must suffer, and in such case our Code has provided the rule to be adopted as follows: "Where one of two innocent persons must suffer by the act of a third, he by

whose negligence it happened must be the sufferer." Rev. Civ.
Code, § 2442. Clearly in the case at bar the loss was caused by
the negligence of the plaintiff's intestate in failing to take an as-
signment and having the same recorded, as provided by the Code,
and in failing to give notice to Bridgman and wife of the trans-
fer of the note and security to him, and in permitting J. M. Dunn
to transact all business connected with the collecting of the amount
due on the coupons attached to said note. Under the decisions
made by this court in Pickford v. Peebles et al., 7 S. D. 166, 63
N. W. 779; Reid et al. v. Kellogg, 8 S. D. 596, 67 S. W. 687, and
Barry v. tSover, 20 S. D. 459, 107 N. W. 672, it is quite clear that
plaintiff's intestate was not entitled to a foreclosure of the. trust
deed as against Bridgman and wife, and it necessarily follows that
neither the mortgages of either Babcock nor Miller were taken or
held by them subject to the lien of plaintiff's intestate. The prin-
ciples applicable to this class of cases are so fully discussed in the
three cases cited that we deem a further discussion of them un-
necessary.

The judgment of the circuit court and order denying a new
trial are reversed, and that court is directed to enter a judgment
dismissing the action.