## PEOPLE'S LIFE INSURANCE COMPANY v. KOHN.

### Opinion delivered October 9, 1911.

AGENCY—APPARENT AUTHORITY OF AGENT.—Where    a    soliciting agent of an insurance compamy collected the first of two notes from their maker, the payment of which was acknowledged by the insurance company, and such agent thereafter collected the second note, but failed to pay same to the insurance company, the latter will be bound by such payment by reason of having permitted the agent to hold himself out as authorized to receive such payment.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

---

## STATEMENT BY THE COURT.

This suit was instituted in the chancery court by appellee against appellant to compel it to issue to him twenty-seven shares of its capital stock.

The material facts are undisputed, and are substantially as follows:

On December 29, 1909, appellee, Gus Kohn, subscribed for forty shares of the capital stock of the Bankers' Reserve Life Insurance Company, a life insurance corporation then existing and doing business under the laws of the State of Arkansas, and agreed to pay therefor the sum of $2,000. On December 29, 1909, he executed his note for $600 to the Bankers' Reserve Life Insurance Company, and on April 29, 1910, he paid the note. A receipt was given him acknowledging the payment of $600, reciting that it was thirty per cent. of the stock subscription of appellee, and that $1,400, the remaining seventy per cent., was to be paid to the Bankers' Reserve Life Insurance Company after March 1, 1910, upon receipt of notice.

The receipt was signed "Bankers' Reserve Life Insurance Company, by P. P. Shaw, President, Page B. Smith."

The receipt also had printed on it the following: "All checks, drafts, and orders must be made payable to the company; otherwise this receipt will be void."

Page B. Smith was an agent of the company authorized to sell stock.

For the remaining $1,400, appellee executed two promissory notes for $700 each, bearing date of April 26, 1910, both payable to the order of Page B. Smith six months after date.

The cashier of the People's Bank testified that Page B. Smith discounted both of those notes at his bank; that one was cashed on April 1, 1910, and the other on May 30, 1910. Appellee paid both notes. Page B. Smith sent in $700 to the company. P. P. Shaw, president of the company, on May 6, 1910, acknowledged the receipt of it by the following letter: "Mr. Gus Kohn, Magnolia, Ark.

"Dear Sir: We beg to acknowledge receipt of $700 paid to Mr. Page B. Smith by you on your stock subscription to this company and which we have accordingly done. We will from time to time keep you posted as to the progress of

the company, and I believe its future will justify the soundness of your investment.

"Thanking you for past favors, I beg to remain,

"Very truly yours,

"P. P. Shaw, President."

Smith did not send in the other $700 collected by him.

The People's Life Insurance Company is a life insurance corporation organized under the laws of the State, and on September 5, 1910, took over the assets of the Bankers' Reserve Life Insurance Company. In taking over the assets, the stockholders of the Bankers' Reserve Life Insurance Company were to receive two-thirds as much stock in the People's Life Insurance Company, the appellant, as they were to have had in the former company. In short, appellant was to issue stock to the stockholders of the Bankers' Reserve Life Insurance Company at the rate of two for three shares. Other facts will be referred to in the opinion.

The chancellor rendered a decree in favor of appellee, and the case is here on appeal.

*Downie & Streepey*, for appellant.

1. The extent of an agent's authority cannot be inferred, so as to bind his principal, from the mere assumption of authority by the agent, or declarations made by him. 96 Ark. 505; 92 Ark. 315, 319; 78 Ark. 318, 321.

2. There is no evidence on which to base the holding that the company ratified the acts of its agent. Before such ratification would be binding on the company, it must have been done with knowledge of all material facts. 64 Ark. 217, 220; 76 Ark. 472, 479; 33 S. E. (Ga.) 1003.

*J. M. Kelso* and *G. G. Pope*, for appellee.

1. On the part of appellee, the evidence throughout shows that he thought that Smith was clothed with authority as general agent to sell capital stock and to take money or notes therefor, and that he misled appellee into signing the note in his, Smith's, own name. And the evidence is clear that Smith was the company's agent. Where fraudulent misrepresentations are made by the duly authorized agent of the corporation, it will not be permitted to accept a subscription and disclaim the fraud." 1 Thompson on Corporations, par. 709.

2. The court correctly held that the company ratified Smith's acts. 1 Thompson on Corp. par. 706, 712, 708; 31 Cyc. 1267; 96 Ark. 505; 83 Ark. 440; 62 Ark. 562; 66 Ark. 209; 55 Ark. 240; 55 Ark. 112; 130 S. W. 1077; 45 Am. Dec. 401; 57 L. R. A. (O. S.) 451; 28 *Id.* 341; 10 Cyc. 1069 *et seq.*; 31 Cyc. 1257 *et seq.*

HART, J., (after stating the facts). The only controversy between the parties to the action is whether the appellant is bound by the acts of Page B. Smith, agent of the Bankers' Reserve Life Insurance Company, in collecting the last $700 of the $2,000 of stock subscription from appellee. Counsel for appellee claim that Smith had no authority to collect this sum, and that, inasmuch as it was not turned over to the company, it is not bound by his act. This is the only question we are called upon to decide. It is conceded that Page B. Smith was an agent of the corporation with authority to solicit subscriptions to the capital stock of the company, and to receive in payment therefor checks and notes payable to the company. It is also conceded that appellee, Kohn, paid the two seven hundred dollar notes, and that they were given to Page B. Smith for the balance due on his subscription. The payment of the two notes was made at different times. Hence the case may be considered as if Smith had collected $1,400, the balance due on the stock subscription of appellee, Kohn, and had failed to account for $700 thereof to the company; $700 of this amount being collected on April 1, 1910, and the remaining $700, on May 30, 1910.

The letter of May 6, 1910, of P. P. Shaw, the president of the company, to appellee, Kohn, acknowledges the payment of $700 to Smith and its receipt by the company. It is evident that Kohn believed that Smith had the authority to collect in money the balance of this subscription, and that he acted in good faith in making the payment to Smith.

The letter of Shaw of May 6, 1910, shows that Smith had acted for the company in collecting the money. It was negligence on the part of Shaw to have allowed Kohn to rest under the belief that Smith was authorized to receive the money. He should have notified Kohn not to pay the balance to Smith. Then Kohn might have protected himself by getting back the note from Smith, or stopping the payment of it.

"A single act of the agent and a recognition of it by the principal may be so unequivocal and of so positive a character as to place the authority of the agent to do similar acts for the principal beyond any question. The value of such proof does not depend so much on the number of acts as upon their character." *Wilcox* v. *Chicago, M. & St. P. Ry. Co.*, 24 Minn. 269; *Quinn* v. *Dresbach*, 75 Cal. 159, 7 Am. St. Rep. 138.

We are of the opinion that the company permitted Smith to hold himself out to Kohn as its agent, not only to sell its capital stock, but to receive cash in payment therefor, and they are bound by his acts. *Goodell* v. *Bluff City Lumber Co.*, 57 Ark. 203.

It is conceded that the appellant is bound if the Bankers' Reserve Life Insurance Company was bound.

It follows that the decree will be affirmed.

WOOD, J., disqualified.