[Civ. No. 8622. First Appellate District, Division Two.—November 1, 1932.]

.HOWARD C. KELLUM, Appellant, v. SAN MATEO COUNTY TITLE COMPANY (a Corporation) et al., Respondents.

W. W. Watson for Appellant.

Robert Beale and Ross & Ross for Respondents.

STURTEVANT, J.—This is an action to recover on a promissory note. From a judgment in favor of the defendants the plaintiff has appealed.

The makers of the note claim that D. H. Ward was the agent of the plaintiff and that they paid the note, both principal and interest, to D. H. Ward. The plaintiff contends that D. H. Ward was not his agent. The trial court made findings on the subject of agency against the plaintiff. Although he divides his brief into several subheadings, the one point made on this appeal is that the findings on agency are not sustained by the evidence. Before proceeding further it will clarify this decision to state that the plaintiff concedes that D. H. Ward was his agent to collect the interest but that he had no authority to collect the principal. On the other hand the defendants contend that D. H. Ward was the ostensible agent of the plaintiff to collect both principal and interest. In this behalf the defendants call to our attention the following facts. For many years prior to June 4, 1925, D. H. Ward maintained an office at 333 Kearny Street, San Francisco, and was transacting business under the fictitious name of Hub Investment Company. The business so conducted was that of making loans. E. A. Davis had desk room in Ward's office and used to stay in the office during the noon hour. The plaintiff had known Ward for many years and visited the office frequently. His connection was so intimate that at times when Ward was not present the plaintiff would receive moneys for Ward and make the entries in the books. At other times he would enter the office in Ward's absence, open his desk and examine the entries in Ward's books. Prior to June 4, 1925, the defendants J. B. Henry and his wife desired a second loan on a piece of property located at Burlingame in San Mateo County. Mr. Henry had negotiated loans through Ward at other times and therefore he called upon Ward asking for a loan in the sum of $1500. Ward put him in touch with the plaintiff. Pursuant to an appointment the plaintiff met Mr. Henry and the two went to the property at Burlingame and examined it. After making the examination the plaintiff stated that he was satisfied, stated the terms of the loan and directed Henry to have Ward make out the papers and thereafter to pay the interest monthly to Ward for the plaintiff. He never changed that order.

Acting upon those directions Mr. and Mrs. Henry executed and delivered to Ward their promissory note for said sum on the fourth day of June, 1925. The note was payable one year after date and bore interest at the rate of twelve per cent per annum payable monthly in advance. To secure the promissory note the Henrys executed a deed of trust to D. H. Ward and E. A. Davis as trustees selected by the plaintiff. Thereafter the makers of the note paid the interest regularly down to the sixteenth day of September, 1926. It was paid by checks payable directly to Ward. On or about that date the Henrys made arrangements with the Prudential Life Insurance Company for a loan sufficient in amount to pay off all of their indebtedness on the Burlingame property including the debt owing to the plaintiff. When the money was ready to be paid the Prudential Life Insurance Company opened an escrow with the George H. Rice Abstract Company. It gave that company instructions what to do and it is not claimed it violated its instructions. Thereafter the Abstract Company wrote to Ward advising him that the makers desired to pay off the Kellum note. In due time Ward caused a reconveyance to be executed by E. A. Davis and himself and forwarded to the Abstract Company. Thereafter the Abstract Company paid the note, both principal and interest, to Ward, recorded the reconveyance and delivered to the Prudential Life Insurance Company the note and deed of trust made in its favor. For some months thereafter Ward paid to the plaintiff the interest on the Henry note in the same sum and in the same manner it had been paid prior to the transfer of the loan. On or about the fifth day of January, 1929, the plaintiff learned that the Henrys had paid their note. The plaintiff demanded the moneys from Ward. Ward did not make the payment but left for lands unknown. On March 27, 1930, the plaintiff commenced this action. He named as defendants Mr. and Mrs. Henry, Mr. Davis, the Abstract Company and the San Mateo County Title Company which is the successor of the George H. Rice Company. Other persons were named as defendants but were not served and the action was dismissed as to them.

After the Henrys delivered to Ward their note and trust deed they were never informed that said documents or either of them were delivered to the plaintiff. Nevertheless the

documents were so delivered and the plaintiff held the same and produced them at the time of the trial.

## Defendants Mr. and Mrs. Henry.

In drawing his complaint the plaintiff asserts that he was pleading a claim based on a promissory note. However, he pleaded consecutively all of the facts hereinabove. Among other allegations he alleged that Ward received the payment of principal and interest from the Henrys through the Abstract Company but that the payment was without authority. These defendants denied that allegation and alleged affirmatively that "full payment has been made to said plaintiff of said promissory note and deed of trust by the payment to his agents, the trustees under said deed of trust." In another place they aver that said payment was so made pursuant to written instructions. The trial court found (6) "That at all the times mentioned in plaintiff's complaint D. H. Ward was the duly authorized, actual and ostensible agent of the plaintiff and acting by and with his knowledge and consent in the collection of both principal and interest on the promissory note and trust deed . . . " In another place it found "That said George H. Rice Abstract Company did therefore pay said sum of $1,507.90 to D. H. Ward doing business in the name of Hub Investment Company pursuant to instructions of said D. H. Ward who was then and there the duly authorized agent of said plaintiff upon delivery to it by said D. H. Ward of a good and sufficient reconveyance of said deed of trust duly executed by said D. H. Ward and E. A. Davis, trustees, which said reconveyance was thereafter duly recorded . . . " On the trial the question of authority was at once put in issue and much evidence was addressed to that issue. The uncontradicted evidence, both oral and documentary, is that both the principal and interest were paid to Ward. The question remains, was the payment to Ward in legal effect a payment to the plaintiff? It is admitted that the plaintiff had conferred on Ward the actual authority to collect the interest. It is also admitted that he selected Ward and Davis as trustees. By consenting to act they became the actual agents of both the Henrys and of the plaintiff. (3 Jones on Mortgages, sec. 2292.) We think it is clear that Ward was also given certain ostensible authority, but that the case

does not wholly rest on that factor. The plaintiff calls particular attention to his own testimony which was to the effect that he held both the note and trust deed when the principal was paid on the sixteenth day of September, 1926, and for a long time prior thereto. Thereupon he contends that the makers made the payment of the principal to Ward at their own risk. Continuing, the plaintiff claims that under the facts Ward had no authority to receive the principal and the plaintiff may now recover from the makers. He cites and relies on *Schomaker* v. *Peterson*, 103 Cal. App. 558 [285 Pac. 342]. The case is not directly in point. Mrs. Schomaker had authorized one Hauschildt to call on the makers and ask for the payment of one item of interest. She never at any time authorized him to make any other collections. She never at any time held any communications with the makers. These defendants oppose the contention of the plaintiff and they cite and rely on *Quinn* v. *Dresbach*, 75 Cal. 159 [16 Pac. 762, 7 Am. St. Rep. 138]. In reply the plaintiff calls attention to the fact in that case the alleged agent had collected not only items of interest but at least one item of principal and therefore the case is not in point. We think that the plaintiff places a wrong interpretation on the decision. The court stated the facts and then it said on page 162:

"The Civil Code provides that: 'Ostensible authority is such as a principal intentionally or *by want of ordinary care* causes or *allows* a third person to believe the agent to possess.' (Civ. Code, sec. 2319.)

"And this is the embodiment of a well-established principle of the common law, which has been called 'the foundation of the law of agency'. (1 Parsons on Contracts, 44; *Kasson* v. *Noltner*, 43 Wis. 650.)

"Nor does the fact that the note was not in the possession of Treadwell change the result. *The want of possession of the note is a circumstance to be considered in determining the question of authority, but is not conclusive.* The fact that the bank held the note for collection would not prevent the owner from collecting it himself. (*Flanagan* v. *Brown*, 70 Cal. 257 [11 Pac. 706].)" (Italics ours.) In the case of *Dover* v. *Pittsburg Oil Co.*, 143 Cal. 501 [77 Pac. 405], the court was again considering the authority of an ostensible agent. Commencing on page 503 the court said: "This result is

founded upon general elementary rules, as announced many times and in various ways in our codes. It is made a conclusive presumption 'Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it.' (Code Civ. Proc., sec. 1962, subd. 3.) Under the title on agency in the Civil Code it is said: 'An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him.' (Civ. Code, sec. 2300.) Again: 'An agency may be created, and an authority may be conferred by a precedent authorization or a subsequent ratification.' (Civ. Code, sec. 2307.) *'Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess.'* (Civ. Code, sec. 2317.) 'A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without ordinary negligence, incurred a liability or parted with value, upon the faith thereof.' (Civ. Code, sec. 2334.) And under the maxims of jurisprudence it is said: 'He who consents to an act is not wronged by it.' (Civ. Code, sec. 3519.) *'Where one of two innocent persons must suffer by the act of a third, he by whose negligence it happened, must be the sufferer.'* (Civ. Code, sec. 3543.)" (Italics ours.) It follows that in the instant case the evidence supported the findings and the findings supported the judgment in favor of these defendants.

The application of the doctrine of ostensible agency is not uniform. The Supreme Court of Wisconsin so held in *Loizeaux* v. *Fremder,* 123 Wis. 193 [101 N. W. 423]. But an examination of that case discloses that in Wisconsin the rule applicable to the authority of an ostensible agent in making collections of either principal or interest on commercial paper is different from the rules applicable to other agents. That rule has been followed in some of the other states. (2 Jones on Mortgages, sec. 1231.) Nevertheless, *Quinn* v. *Dresbach, supra,* has been cited and followed in many of the states. *Brown* v. *Guaranty Securities Co.,* (Tex. Com. App.) 265 S. W. 547, is one of the latest expressions

on the subject. In that case the commission of appeals of Texas made an exhaustive study of the subject. Having cited passages from the text-books the court then quoted from *Quinn* v. *Dresbach, supra,* and continuing quoted decisions from other jurisdictions to the same effect. To the authorities there cited may be added *Astoria State Bank* v. *Markwood,* 37 S. D. 56 [156 N. W. 583]; *McVay* v. *Bridgman,* 21 S. D. 374 [112 N. W. 1138]; *Catlin* v. *Reed,* 141 Okl. 14 [283 Pac. 549, 67 A. L. R. 1410]; *First Nat. Bank* v. *Hessell,* 133 Wash. 643 [234 Pac. 662, 664]. In the case last cited the Supreme Court of Washington quotes at length the facts and the law as stated in *Quinn* v. *Dresbach, supra.* *McVay* v. *Bridgman, supra,* is particularly helpful in two respects. It holds directly that when the deed of trust was executed Ward and Davis had actual power to receive payments and furthermore as to the collection of both principal and interest an ostensible authority may be created although the agent has not possession of the note or deed of trust.

### Defendant San Mateo County Title Company.

For reasons just expressed, it is also apparent that as to this defendant the judgment should be affirmed. However, as to this defendant there is an additional reason for affirming the judgment. The note by its terms was due and payable June 4, 1926. This action was commenced March 27, 1930. The defendants pleaded part of the statute of limitations, subdivision 1 of section 339 of the Code of Civil Procedure. The court found the facts in favor of the defendant. At this time the defendants earnestly press the defense so found. In reply the plaintiff states that he did not discover the payment had been made until December 17, 1928. The reply is insufficient. This defendant was neither a party nor privy to the contract evidenced by the promissory note. Its liability rests on its violation, if any, of some other right of the plaintiff. As to this defendant the action was on a liability not founded on an instrument in writing. Its wrong, if any, was committed when it made the payment on the sixteenth day of September, 1926, and the action should have been commenced as early as the sixteenth day of September, 1928. (Code Civ. Proc., sec. 339, subd. 1.) It thus appears that the plea of the statute of

limitations was sufficient. (*Lattin* v. *Gillette,* 95 Cal. 317 [30 Pac. 545, 39 Am. St. Rep. 115].)

As to the defendant E. A. Davis, it is not claimed that at any time he handled, directly or indirectly, any part of the money. We assume that it is claimed he violated some covenant contained in the deed of trust. Be that as it may, the facts have not been made to appear. The deed of trust is not contained in the record and we are not advised that he violated any part of that contract. The plaintiff states that it is the duty of a trustee to diligently and faithfully protect the interests of the beneficiary and he cites and relies on Civil Code, section 2239. It is sufficient to state there was neither allegation, proof, nor finding that this defendant violated such duty. The trust deed is not before us. We may not assume that this defendant did not duly follow every call contained in that instrument.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.