# B. C. LATTIN, APPELLANT, v. J. W. GILLETTE ET AL., RESPONDENTS.

STATUTE OF LIMITATIONS — TWO-YEARS CLAUSE — TORTS — CONSTRUCTION OF CODE. — Section 339 of the Code of Civil Procedure, providing that an action upon a contract, obligation, or liability, not founded upon an instrument in writing, must be brought within two years after the cause of action shall have accrued, is applicable to all actions at law not specifically mentioned in other portions of the statute, and includes liabilities arising in consequence of torts committed, as well as those arising from contracts, express or implied, not founded upon an instrument in writing.

ID. — RUNNING OF STATUTE — BREACH OF CONTRACT — DISREGARD OF DUTY. — The statute of limitations begins to run against an action for misconduct or negligence from the date when the misconduct or negligence was completed, and it is immaterial whether the negligence out of which the cause of action arises is the breach of an implied contract, or the affirmative disregard of some positive duty.

ID. — RIGHT OF ACTION — FUTURE DAMAGES — KNOWLEDGE OF NEGLIGENCE. — The right to maintain an action for negligence is distinguished from the measure of damages, and although the entire damage resulting from such negligence may not have been known until the right to a recovery is barred, yet the time within which an action may be brought is not thereby prolonged.

ID. — LIABILITY OF SEARCHER OF RECORDS — LIMITATION OF ACTION FOR NEGLIGENCE — LOSS OF TITLE WITHIN TWO YEARS. — One who holds himself out as an examiner of titles is bound to exercise skill and care in making the examination, and is liable in damages for a failure to exercise such skill and care; but an action against a searcher of records, for damages resulting from his negligence in the examination and report upon the condition of the title to realty, must be commenced within two years after the giving of the report, or it is barred by the statute of limitations, although the plaintiff was deprived of a portion of the land by means of a suit brought within two years before the commencement of the action for damages.

ID. — FOUR-YEARS CLAUSE OF LIMITATION — CERTIFICATE OF TITLE — CONSTRUCTION OF CODE. — Section 337 of the Code of Civil Procedure, prescribing the limitation of four years for an action upon a contract, obligation, or liability, founded upon an instrument in writing, refers to contracts, obligations, or liabilities arising from instruments of writing executed by the parties who are sought to be charged, in favor of those who seek to enforce the contracts, obligations, or liabilities, and does not apply to a certificate of title given by a searcher of records employed to examine and make a written report of the condition of the title, where damages are claimed for negligence of the searcher in giving an incorrect certificate.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*J. D. Bethune,* and *A. W. Hutton,* for Appellant.

*Chapman & Hendrick,* for Respondents.

HARRISON, J. — In June, 1886, the plaintiff employed the defendants, who were engaged at Los Angeles in the business of searching public records and examining titles to real estate, to examine the title of one Birnbaum to a tract of land in Los Angeles County, for which he had made a contract of purchase, and ascertain if his title was good, and paid them one thousand dollars for their services. The defendants, under said employment therein, made a report to the plaintiff, and gave him a certificate in writing, on the twelfth day of June, 1886, that the title to the land was vested in Birnbaum, free of all encumbrances. Thereupon the plaintiff purchased and paid for the land. Afterwards, and within two years prior to the commencement of this action, a suit was brought in the superior court of Los Angeles County in reference to the title to said land, which the plaintiff was subjected to the cost and expense of defending, and in which a judgment was rendered, to the effect that at the date of said certificate an undivided one half of said land was vested in the heirs of one Smith; and the plaintiff herein was thereupon deprived of the said half of the land. In May, 1890, he commenced this action against the defendants for damages resulting from their negligence in the examination and report upon the condition of the title. Defendants demurred to the complaint, upon the ground, among others, that the suit was not brought until more than two years after the cause of action had accrued, and was therefore barred by the statute of limitations. The court sustained the demurrer to the complaint, and judgment was rendered against the plaintiff, from which he has appealed.

Section 339 of the Code of Civil Procedure provides that an action upon a "contract, obligation, or liability," not founded upon an instrument in writing, must be

brought within two years after the cause of action shall have accrued. This provision was declared in *Pillar* v. *S. P. R. R. Co.*, 52 Cal. 44, to be "applicable to all actions at law not specifically mentioned in other portions of the statute." The word "liability" is the most comprehensive of the several terms used in this section, and includes both of the others, inasmuch as it is the condition in which an individual is placed after a breach of his contract, or a violation of any obligation resting upon him. It is defined by Bouvier to be "responsibility; the state of one who is bound in law and justice to do something which may be enforced by action. This liability may arise from contracts, either express or implied, or in consequence of torts committed"; and this definition was approved in *Wood* v. *Currey*, 57 Cal. 209.

The statute of limitations begins to run against a cause of action as soon as the right of action has accrued. Upon the breach of any special contract, the statute begins to run at the date of the breach, and a right of action growing out of the negligence of another accrues whenever the act of negligence is complete. "When misconduct or negligence constitutes a cause of action, the statute of limitations begins to run from the time when the defendant had been guilty of such misconduct or negligence." (*Wood* v. *Currey*, 57 Cal. 209.) Whether the negligence out of which the cause of action arises is the breach of an implied contract, or the affirmative disregard of some positive duty, is immaterial. In either case, the liability arises immediately upon such breach of contract or disregard of duty, and an action to recover the damages which are the measure of such liability may be immediately maintained. The right to maintain the action is distinguished from the measure of damages, and although the entire damage resulting from such negligence may not have been sustained, or the fact that the negligence occurred may not have been known until the right to a recovery is barred, yet the time within which an action may be brought is not thereby prolonged.

In the present case, the obligation assumed by the defendants arose out of their agreement that they would examine the title of the property, and ascertain if the same was good in Birnbaum, and report the same to the plaintiff. Having held themselves out as examiners of titles, they were bound to exercise skill and care in making such examination, and became liable in damages for a failure to exercise such skill and care; and the breach of their agreement for which they became liable is alleged in the complaint to have been that they " negligently and unskillfully conducted such examination, and did not truthfully report the condition of the title to the plaintiff," but reported, on the 12th of June, 1886, that the title was vested in Birnbaum free of all encumbrances; whereas, in fact, at the date of said certificate he was the owner of only an undivided one half thereof, and the same " appeared of record on the public records of said county." The giving of this certificate was the breach of their agreement, and constituted the negligence for which they became liable. No further or subsequent act was done or contemplated to be done by them under their employment. Their liability for this negligence, if any existed, arose immediately, and an action therefor could have been immediately commenced against them, and unless commenced within two years thereafter, was barred by the statute of limitations.

The running of the statute was not suspended by the fact that the plaintiff did not ascertain the error in the certificate, or by the fact that the existence of the error was not determined by the superior court until more than two years had expired. The judgment of the court did not constitute the negligence of the defendants, but was only evidence that they had been guilty of negligence; and the eviction of the plaintiff under such judgment was not the cause of action against the defendants, but was merely an element in determining the amount of damages that he had sustained by reason of their negligence. " Where an attorney is sued for malpractice, the cause of action arises from the time when such mal-

practice occurred, and that without any reference to the circumstance whether the client then knew the fact or not." (Wood on Limitations, sec. 122.) In cases of damages resulting from malfeasance or misfeasance, " the cause of action arises immediately on the happening of the default, and is not postponed to the damage thereby occasioned. (Angell on Limitations, sec. 136.) " In actions for official or professional negligence, the cause of action is founded on the breach of duty which actually injured the plaintiff, and not on consequential damage. Thus, in an action against an attorney for neglect of professional duty, it has been held that the statute of limitations begins to run from the time when the breach of duty was committed, and not from the time when the consequential damage accrued." (2 Greenl. Ev., sec. 433.) In *Troup* v. *Smith*, 20 Johns. 33, a surveyor had been employed to survey a tract of land into lots suitable for sale, but did his work so unskillfully as to cause damage to the plaintiff, for which he brought suit, and to a plea of the statute of limitations replied that the error was not discovered by him for some years after the survey had been completed, but it was held by the court that this fact did not impair the effect of the plea; that the cause of action accrued at the completion of the survey, and not at the time of the discovery of its character, and was barred by the lapse of six years. In *Argall* v. *Bryant*, 1 Sand. 98, an action was brought against the publishers of the Evening Post for the erroneous publication therein of a legal notice whereby the plaintiff sustained damage. The publication was made in 1835, but the error was not discovered until 1842, and the damage resulting therefrom in a judgment recovered against the plaintiff was not sustained until 1846, upon the payment of which suit was immediately brought for the negligence. It was held that the foundation of the action was the implied promise of the defendant to perform with care and diligence the publication which he undertook, and that this implied promise was broken in 1835, when the error was

committed, and that as an action could have been then maintained, the statute of limitations began to run, and was not affected by the fact that he did not discover the error until a later date, or that he subsequently sustained additional damages. In *Wilcox* v. *Plummer's Ex'rs,* 4 Pet. 172, an attorney who had been employed to collect a promissory note was guilty of such negligence in bringing the suit that the indorser was discharged. It was held that the ground of action against the attorney was the breach of his contract to act diligently and skillfully, and arose at the time he committed the blunder in issuing the writ, and not at the determination of the suit. (See also *Howell* v. *Young,* 5 Barn. & C. 259; *Short* v. *McCarthy,* 3 Barn. & Ald. 626; *Kearns* v. *Schoonmaker,* 4 Ohio, 331; 22 Am. Dec. 757; *Northrup* v. *Hill,* 57 N. Y. 356; 15 Am. Rep. 501; *Moore* v. *Juvenal,* 92 Pa. St. 484; *Crawford* v. *Gaulden,* 33 Ga. 174; *Lilly* v. *Boyd,* 72 Ga. 83.)

The written certificate of title given to the plaintiff by the defendants, although an instrument in writing, is not an instrument upon which their liability is founded. In *Chipman* v. *Morrill,* 20 Cal. 131, it was held that this provision of the section by its language "refers to contracts, obligations, or liabilities resting in or growing out of written instruments, not remotely or ultimately, but immediately,— that is, to such contracts, obligations, or liabilities as arise from instruments of writing executed by the parties who are sought to be charged, in favor of those who seek to enforce the contracts, obligations, or liabilities." The contract which is the basis of the plaintiff's cause of action herein does not "rest in" or "grow out" of this certificate, nor does the certificate contain any obligation or contract that can be enforced, or which is susceptible of a violation on the part of the defendants, or under which any liability can accrue against them. The obligation assumed by them was that created at the time of their acceptance of the employment by the plaintiff, and antedated the making of the certificate. The certificate is not the evidence of this obligation, but is merely evidence of the

act done by them in purported satisfaction of the obligation assumed by them in accepting their employment. Instead of establishing the contract made between them and the plaintiff, it is the evidence relied upon by him to establish the breach of that contract, and necessarily presumes that the contract was complete before it was given. As in the case of an erroneous deed drawn by an attorney, or a defective plat made by a surveyor, or a wrong prescription given by a physician, it is only evidence in support of the averment that the implied contract for the exercise of skill and care was violated, and is not the contract itself. That was created by the oral agreement of employment, and was broken by the giving of the faulty writing.

The judgment is affirmed.

PATTERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.