[Civ. No. 1794. Fourth Appellate District.—April 6, 1937.]

BESSIE K. HOWARD et al., Appellants, v. SECURITY TITLE INSURANCE AND GUARANTEE COMPANY, Respondent.

Russell & Heid for Appellants.

Guy Knupp and William H. B. Haymond for Respondent.

MARKS, J.—Plaintiffs brought this action to recover damages. A demurrer to their first amended complaint was sustained without leave to amend and the judgment under attack here was entered against them. The only question presented is the bar of the statute of limitations to the cause of action.

The pertinent allegations of the first amended complaint may be thus summarized: That on November 10, 1932, plaintiffs were owners of real property in the city of Los Angeles, and Harry E. Weaver and Jean C. Weaver, his wife, were owners of real property in Tulare County; that by a written lease dated June 1, 1928, the Weavers had leased their property to R. L. Scott for use as a service station for a term expiring March 1, 1935; that plaintiffs and the Weavers entered into an agreement for the exchange of their properties and opened an escrow with and gave written instructions to defendant to carry out the exchange; the escrow instructions delivered to defendant contained the following: "Lease, if or not recorded, dated 6/1/28, in favor of R. L. Scott, expiring 3/1/35, expiring 3/1/35. You will hold for me lessor's copy of above mentioned Lease duly assigned"; that the parties to the escrow delivered their deeds to defendant, but that the lease was not deposited; that prior to November 10, 1932, the Weavers and Scott had canceled the lease by written agreement, which fact was concealed from plaintiffs; that on November 28, 1932, defendant delivered the deeds to the respective grantees without securing the Scott lease and its assignment to plaintiffs; that upon discovering the true facts plaintiffs rescinded their contract with the Weavers and that upon their suit therefor a judg-

ment was entered on September 25, 1934, in their favor against the Weavers rescinding the transaction and restoring to the parties their respective properties involved in the exchange. Damages were alleged in the sum of $1566.74. It is not alleged that defendant signed anything or that there was any other writing in connection with the escrow other than the deeds and the escrow instructions which were signed by plaintiffs and Mr. and Mrs. Weaver.

Plaintiffs' original complaint was filed on August 12, 1935, more than two and less than four years after November 28, 1932, the date upon which defendant closed the escrow.

Plaintiffs maintain that the four-year statute of limitations (subd. 1, sec. 337, Code Civ. Proc.) applies since the written portion of the escrow instruction is the basis of their suit which makes their action one upon a contract, obligation, or liability founded upon an instrument in writing. Defendant urges that the action is one in tort and is barred by the two-year statute of limitations. (Subd. 1, sec. 339, Code Civ. Proc.) ▮ No question is raised as to the form of defendant's plea of the statute of limitations. (See *Overton* v. *White,* 18 Cal. App. (2d) 567 [64 Pac. (2d) 758].) We will, therefore, consider any possible objection to it as waived.

The provisions of a statute of limitations, in effect in 1850 (Stats. 1850, p. 343), were substantially identical with the provisions of subdivision one of section 337 of the Code of Civil Procedure and were considered in *Chipman* v. *Morrill,* 20 Cal. 130, where it was said:

"The statute provides that 'an action upon any contract, obligation or liability founded upon an instrument of writing', except in certain designated cases, shall be commenced within four years, and an action upon a contract, obligation or liability not thus founded, with certain exceptions, shall be commenced within two years. The question is, whether the present action is, in the meaning of the statute, 'founded upon an instrument of writing'. Our conclusion is, that it is not thus founded; that the statute by the language in question refers to contracts, obligations or liabilities resting in, or growing out of written instruments, not remotely or ultimately, but immediately; that is, to such contracts, obligations or liabilities as arise from instruments of writing executed by the parties who are sought to be charged, in favor of those who seek to enforce the contracts, obligations or liabilities. The construction would be the same if

the word 'founded' were omitted, and the statute read 'upon any contract, obligation or liability upon an instrument of writing'." (See, also, *Pena* v. *Vance,* 21 Cal. 142; *Louvall* v. *Gridley,* 70 Cal. 507 [11 Pac. 777]; *Thomas* v. *Pacific Beach Co.,* 115 Cal. 136 [46 Pac. 899]; *Patterson* v. *Doe,* 130 Cal. 333 [62 Pac. 569]; *Oswald* v. *Pacific Elec. Ry. Corp.,* 7 Cal. App. (2d) 178 [46 Pac. (2d) 240].)

█ If we apply the rules thus announced to the instant case the conclusion follows that this is not an action upon a contract, obligation, or liability upon an instrument in writing, but rather an action to recover damages for negligence of the escrow agent. This conclusion is sustained by the cases of *Lattin* v. *Gillette,* 95 Cal. 317 [30 Pac. 545, 29 Am. St. Rep. 115], and *Kellum* v. *San Mateo County Title Co.,* 127 Cal. App. 276 [15 Pac. (2d) 876], which we regard as controlling here. The Lattin case has been cited with approval and followed many times. (See *Title Insurance & Trust Co.* v. *Los Angeles,* 61 Cal. App. 232 [214 Pac. 667]; *Mitchell* v. *California-Pacific Title Ins. Co.,* 79 Cal. App. 45 [248 Pac. 1035]; *Medley* v. *Hill,* 104 Cal. App. 309 [285 Pac. 891]; *Wilson* v. *Wallace,* 113 Cal. App. 278 [298 Pac. 86]; *Kellum* v. *San Mateo County Title Co., supra; DeGarmo* v. *Luther T. Mayo, Inc.,* 4 Cal. App. (2d) 604 [41 Pac. (2d) 366].)

In the Lattin case it appears that the plaintiff engaged the defendants to search the title to real estate in Los Angeles County and paid them for their services. Defendants reported in writing to plaintiff that title to the land "was vested in Birnbaum free of all incumbrances". Plaintiff bought and paid for the property and was subsequently deprived of title to an individed one-half interest in the land by judicial decree. He brought an action for damages after the lapse of more than two years. In holding that the action was barred by the two-year statute, the Supreme Court said:

"The written certificate of title given to the plaintiff by the defendants, although an instrument in writing, is not an instrument upon which their liability is founded. In *Chipman* v. *Morrill,* 20 Cal. 130, 131, it was held that this provision of the section by its language 'refers to contracts, obligations, or liabilities resting in or growing out of written instruments, not remotely or ultimately, but immediately,— that is, to such contracts, obligations, or liabilities as arise

from instruments of writing executed by the parties who are sought to be charged, in favor of those who seek to enforce the contracts, obligations, or liabilities'. The contract which is the basis of the plaintiff's cause of action herein does not 'rest in' or 'grow out' of this certificate, nor does the certificate contain any obligation or contract that can be enforced, or which is susceptible of a violation on the part of the defendants, or under which any liability can accrue against them. The obligation assumed by them was that created at the time of their acceptance of the employment by the plaintiff, and antedated the making of the certificate. The certificate is not the evidence of this obligation, but is merely evidence of the act done by them in purported satisfaction of the obligation assumed by them in accepting their employment. Instead of establishing the contract made between them and the plaintiff, it is the evidence relied upon by him to establish the breach of that contract, and necessarily presumes that the contract was complete before it was given. As in the case of an erroneous deed drawn by an attorney, or a defective plat made by a surveyor, or a wrong prescription given by a physician, it is only evidence in support of the averment that the implied contract for the exercise of skill and care was violated, and is not the contract itself. That was created by the oral agreement of employment, and was broken by the giving of the faulty writing.''

Plaintiffs rely upon the following California cases: *Scott* v. *Symons,* 191 Cal. 441 [216 Pac. 604], *Bank of America Nat. T. & S. Assn.* v. *Dennison,* 8 Cal. App. (2d) 173 [47 Pac. (2d) 296, *Feisthamel* v. *Campbell,* 55 Cal. App. 774 [205 Pac. 25], and *Gallagher* v. *California Pacific T. & T. Co.,* 13 Cal. App. (2d) 482 [57 Pac. (2d) 195].

In the Scott case it affirmatively appears that the four-year period of limitation of the action was fixed by section 343 of the Code of Civil Procedure and not by section 337 of that code.

In the case of *Bank of America Nat. T. & S. Assn.* v. *Dennison, supra,* the plaintiff sought to recover the amount of a deficiency judgment, after foreclosure, from the makers of a secured note and the grantee of the makers who had assumed and agreed to pay the incumbrance. It was held that the four-year limitation applied to both. This case in no manner conflicts with the conclusions we have reached nor with the

rules announced in the cases cited unless it be with that portion which provides that the instrument in writing must be ''executed by the parties who are sought to be charged, in favor of those who seek to enforce the contracts, obligations or liabilities''. ·(*Chipman* v. *Morrill, supra; Lattin* v. *Gillette, supra.*) If we should regard the Bank of America case as modifying that rule still we would have no reasons for reversing the judgment in the instant case. In that case there was an instrument in writing, the deed, which placed the direct obligation of payment on the grantee who accepted and claimed under the deed even though she did not sign it. In the instant case we have no such writing. In the instant case the only obligation assumed by defendant rests on an implied parol agreement to faithfully perform the duties of its agency. The violation of this parol agreement is the foundation of plaintiffs' action and the two-year statute of limitations must apply here.

In the case of *Freisthamel* v. *Campbell, supra,* the action was not brought against the escrow agent but against a defendant who had obtained corporate stock from an escrow after notice of the plaintiff's claim upon it. The case did not turn on any question of a statute of limitations.

The case of *Gallagher* v. *California-Pacific T. & T. Co., supra,* was one in which the plaintiff recovered damages from the defendant escrow agent for disbursing money from the escrow contrary to written instructions. It appears on the face of the opinion that the escrow agent ''undertook in writing to examine and report upon the title to certain real property situated on Sixth Street in San Francisco and to pay out money deposited with it by plaintiff in accordance with the terms of a writing, designated as an 'agreement of exchange' ''. This fact alone distinguishes the case from the one we are considering.

Judgment affirmed.

Jennings, J., concurred.

Mr. Presiding Justice Barnard, deeming himself disqualified, did not participate herein.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1937.