[Civ. No. 21350.   Second Dist., Div. Two.   Jan. 30, 1956.]

WALTER CLARK SHUMAKER, Appellant, v. CHARLES
T. RIPPY, Respondent.

Robert B. Heggen for Appellant.

Charles T. Rippy, in pro. per., for Respondent.

MOORE, P. J.—The question for decision is whether the court below correctly awarded a summary judgment under Code of Civil Procedure, section 437c, in an action for damages based upon the negligence of an escrow agent.

On January 6, 1955, appellant Shumaker filed an action for breach of. contract of escrow for the sale of certain real property to one Burton L. Lamb, wherein the respondent Rippy was escrow agent.  It was alleged that the respondent failed to pay over the net proceeds of such sale and thereby breached the terms of the escrow agreement.  The second cause of action alleged additionally that appellant suffered certain damages as the result of the negligent handling of such escrow.

Respondent's demurrer to the second cause of action of the first amended complaint was properly sustained on the ground that the negligence of an escrow agent is governed by the two-year statute of limitations.  (Code Civ. Proc., § 339, subd. 1.)  This demurrer was sustained with leave to amend, but no further amendment was filed.

Both causes of action were dismissed under section 437c, Code of Civil Procedure. This appeal followed.

■ The two-year statute of limitations (Code Civ. Proc., § 339, subd. 1) is applicable either to an action for breach of an escrow agreement or to an action for damages on account of negligence in the performance thereof. (*Howard* v. *Security Title Ins. & Guar. Co.*, 20 Cal.App.2d 226, 228 [66 P.2d 1247].) There is no question but that the complaint herein was filed more than two years and eight months after the alleged negligent payment of the sales price to Edith May Foster, by the escrow agent. Where an escrow agent is accused after more than two years of having carelessly delivered money or title papers to the damage of a party to the escrow, the action for such negligence is barred by the two-year statute. (*Howard* v. *Security Title Ins. & Guar. Co.*, *supra*.) It must therefore follow that the demurrer to the second count was properly sustained and, also, that no valid cause can be stated on the ground of negligence.

But the Howard case goes further. It was there contended that the four-year statute of limitation was applicable since the written portion of the escrow instructions was the basis of the suit. But such plea was denied with the statement that "this is not an action upon . . an instrument in writing, but rather an action to recover damages for negligence of the escrow agent." (*Ibid*, p. 229.) If the escrow agreement is not the instrument upon which liability is founded, but merely the evidence of the act to be done by the escrow agent in the performance of the obligation assumed by him (*Lattin* v. *Gillette*, 95 Cal. 317, 320 [30 P. 545, 29 Am.St.Rep. 115]), then the Howard case applies equally to the first count. It is also barred by section 339, subdivision 1, and of course no amendment can cure the defect. The purported first cause was not founded upon any writing in the escrow instructions. It should, therefore, be dismissed.

By reason of the fact that the statute of limitations applies to both counts, it is not necessary to discuss the other points raised by the briefs.

Judgment affirmed.

Fox, J., and Ashburn, J., concurred.