[Civ. No. 5640.   Fourth Dist.   Apr. 18, 1958.]

BEN W. SIMMONS et al., Appellants, v. BANK OF AMER-
ICA NATIONAL TRUST AND SAVINGS ASSOCIA-
TION (a National Banking Association), Respondent.

Vizzard, Baker & Sullivan and Jere N. Sullivan for Appellants.

Samuel B. Stewart, George Chadwick, Jr., and Eldon C. Parr for Respondent.

GRIFFIN, J.—It is alleged in plaintiffs' amended complaint that on April 14, 1953, defendant bank, as escrow agent, plaintiffs, as mortgagees and vendors, and Lloyd A. Underwood and wife, as mortgagors and vendees, entered into a sale and chattel mortgage transaction denominated "Bulk Sale Escrow Instructions" (A copy of the written instructions are attached to and made a part of the amended complaint); that the chattel mortgage referred to was duly executed and plaintiffs and vendees duly complied with the terms of the escrow; that by its terms (paragraph 4) defendant bank agreed to record the chattel mortgage but failed to do so (apparently defendant turned over to plaintiffs the unrecorded mortgage, together with the note, at the close of escrow); that it was not until November 10, 1954, plaintiffs discovered it had not been recorded; and that plaintiffs recorded it on November 10, 1954. The Underwoods, the vendees,

were adjudicated bankrupt on February 7, 1955, and the referee determined that the chattel mortgage was not then a lien against the property; that vendees had paid plaintiffs $1,800 in principal and interest on the note for $9,661, leaving a balance of $8,546.61; that plaintiffs received $685.85 from the trustee in bankruptcy on November 22, 1955, as a result of their filed claim; that it was necessary to employ the services of attorneys to represent plaintiffs in said bankruptcy proceeding; that $800 was paid for this purpose; that due to the failure of said bank to record said chattel mortgage, as provided in said escrow agreement, plaintiffs lost said property to the bankrupt estate in June, 1955, and accordingly were damaged in the sum of $8,660.76.

As a second cause of action they incorporated certain paragraphs of the first cause of action and alleged that on November 10, 1954, plaintiffs first discovered defendant had negligently and wilfully failed to record said mortgage and sought damages in the amount set forth.

The third cause of action pleaded, with more particularity, claimed gross negligence and wilful misconduct in not recording said mortgage; that such gross negligence and wilful misconduct constituted actual or constructive fraud or mistake and consisted of defendant counselling with plaintiffs in reference to the legal transaction and giving erroneous advice; in practicing law without a license (a misdemeanor) and in not recording said mortgage; that this fact was not discovered until November 10, 1954; and that plaintiffs were damaged thereby in the sum of $8,660.76.

Defendant demurred to this amended complaint on the grounds it did not state sufficient facts to constitute a cause of action and that the causes of action did not accrue within two years next preceding the filing of the original complaint, it being filed on September 26, 1956. The demurrer was sustained as to all claimed causes of action without leave to amend.

On this appeal from the judgment plaintiffs argue that the first cause of action was an action on a written contract and that section 337, subdivision 1 of the Code of Civil Procedure (four years) applied or that it was a breach of an oral contract and that the time did not run under the two-year provision of section 339, subdivision 1 of the Code of Civil Procedure until the discovery of said breach. The written escrow agreement was not signed by defendant's escrow agent, although it was typewritten by him showing ''Cordier'' as escrow officer. It

was directed to the defendant Bank of America National Trust and Savings Association. It contained the following wording:

"In consideration of your acting as escrow holder herein, it is agreed that you shall in no case or event be liable for the failure of any of the conditions of this escrow or damage caused by the exercise of your discretion in any particular manner, or for any other reason, except gross negligence or willful misconduct with reference to the said escrow . . ."

It then provided for the execution of a bill of sale of stock in trade, etc. of a bakery business in Bakersfield; that the Underwoods would hand it a promissory note for $9,661.00 and chattel mortgage ". . . all of which you are authorized and instructed to accept, hold and dispose of as follows:

"1. Record the notice (s) . . .

"3. Hold the Bill of Sale, cash deposited . . . until Tuesday, the 28th day of April, 1953 . . .

"4. At the expiration of said time . . . deliver said Bill of Sale . . . to the vendee . . . deliver to Vendor . . . the note secured by the Chattel Mortgage . . . *Record the Chattel Mortgage,* if any, in the Office of the County Recorder . . ."

The escrow agreement is signed only by the Simmons and Underwoods.

Plaintiffs contend that although the written escrow instructions were only signed by the parties indicated, the bank became bound by this written agreement and that an action was maintainable thereon against it on the theory of breach of agreement to record the mortgage, or at least it was a factual question whether it was intended thereby to bind the bank in the fulfillment of its obligations thereunder, it having accepted the benefits of it, citing such authority as *Minton* v. *Mitchell,* 89 Cal.App. 361, 370 [265 P. 271]; *Remsberg* v. *Hackney Manufacturing Co.,* 174 Cal. 799, 802 [164 P. 792]; *California Jewelry Co.* v. *Provident Loan Assn.,* 6 Cal.App.2d 506, 510 [45 P.2d 271]; and *Weiner* v. *Mullaney,* 59 Cal.App.2d 620, 634 [140 P.2d 704].

Under the theory that it was an executed written agreement of the bank to record the chattel mortgage, such action would not be barred by the two-year period of limitation pleaded in the demurrer. But if this agreement signed by plaintiffs was binding on defendant in this respect it was equally binding on the same parties in respect to the waiver of damages for any negligence on the part of the bank arising out of such agreement, except gross negligence or wilful mis-

conduct. (*Washer* v. *Bank of America,* 21 Cal.2d 822, 829 [136 P.2d 297, 155 A.L.R. 1338]; *Bashford* v. *A. Levy & J. Zentner Co.,* 123 Cal.App. 204 [11 P.2d 51]; *Alphonzo E. Bell Corp.* v. *Bell etc. Syndicate,* 46 Cal.App.2d 684 [116 P.2d 786].) The pleadings do not show sufficient facts to bring it within this exception. The agreement is pleaded in its entirety and must be so considered. Therefore, no actionable cause of action is there stated upon which plaintiffs could recover and no factual question remained for the trier of fact. The cause of action, if any, arose at the time of the negligent act, misconduct or alleged breach. (*Wood* v. *Currey,* 57 Cal. 208; *Lattin* v. *Gillette,* 95 Cal. 317 [30 P. 545, 29 Am.St. Rep. 115]; *Howard* v. *Security Title Ins. & Guar. Co.,* 20 Cal. App.2d 226 [66 P.2d 1247]; *Shumaker* v. *Rippy,* 138 Cal.App. 2d 815 [292 P.2d 536].) The escrow was closed within the 30 days provided.

If plaintiffs relied upon the breach of an oral contract they would be met with the same conclusion and waiver alleged. This bar or waiver, pleaded by plaintiffs in their verified complaint, which is destructive of the cause of action, could not be avoided by omitting these allegations in a further amendment. (*Gaglione* v. *Coolidge,* 134 Cal.App.2d 518 [286 P.2d 568].) In *Werner* v. *Knoll,* 89 Cal.App.2d 474 [201 P.2d 45], it was held that contracts seeking to relieve individuals from the results of their own ordinary negligence are not invalid as contravening public policy under Civil Code Section 1668. (See also *Barkett* v. *Brucato,* 122 Cal.App.2d 264, 275 [264 P.2d 978]; *Stephens* v. *Southern Pac. Co.,* 109 Cal. 86, 95 [41 P. 783, 50 Am.St.Rep. 17, 29 L.R.A. 751].)

In 39 California Jurisprudence 2d, page 195, section 134, it is said: "A general demurrer is proper where there is apparent on the face of the complaint a defect or defense that will defeat the plaintiff's present right to recover, in whole or in part." Here, plaintiffs pleaded in their verified amended complaint and as part of their alleged cause of action the written agreement signed by plaintiffs which contained a complete defense to any cause of action by plaintiffs against defendants for "any . . . reason" except gross negligence or wilful misconduct in "reference to said escrow." The only duty of defendant to record said chattel mortgage arose out of the escrow agreement. Any action for breach of that duty or alleged negligence in connection therewith would be subject to the defense therein provided. Apparently, from the record, it was upon this theory that the trial court, in reference to

the original complaint, sustained the demurrer as to the first cause of action with the right to amend. This agreement was again pleaded in the amended complaint. Under the circumstances, the demurrer was properly sustained to this alleged cause of action, without leave to amend.

The second cause of action merely pleads negligence of defendant in wilfully failing to record said chattel mortgage and that the cause of action based thereon did not arise until plaintiffs discovered that a loss resulted by reason of such negligence. In pleading this cause of action plaintiffs incorporate the allegations in respect to the first cause of action, including the escrow agreement mentioned. This claimed cause of action did arise out of a breach of the terms of said escrow agreement. The allegations do not justify the conclusion of the pleader that the claimed negligence of defendant in connection with this escrow amounted to a wilful failure to record the mortgage. Therefore, the same result must be reached as was held in respect to the first cause of action.

The third cause of action likewise incorporates the allegations of the first cause of action, including the escrow agreement, and concludes that by reason thereof and the facts stated defendant was guilty of gross negligence and wilful misconduct; that gross negligent representations amount to constructive fraud under section 338, subdivision 4 of the Code of Civil Procedure, and *Neet* v. *Holmes,* 25 Cal.2d 447, 467 [154 P.2d 854]; and *Scott* v. *Delta Land & Water Co.,* 57 Cal.App. 320 [207 P. 389]; and that accordingly the three-year statute of limitations did not run until the date of its discovery by the plaintiffs.

From the transaction we conclude that there was no sufficient allegation of gross negligence or wilful misconduct amounting to grossly negligent representations such as would constitute constructive fraud and remove the cause of action from the operation of the waiver of liability agreed to by plaintiffs. From these conclusions it will be unnecessary to consider the question of the statute of limitations and the method by which it was pleaded.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied May 12, 1958, and appellants' petition for a hearing by the Supreme Court was denied June 17, 1958.