[Civ. No. 19162.   First Dist., Div. One.   Apr. 25, 1961.]

ARNIE E. THOMPSON, Appellant, v. CALIFORNIA BREWING COMPANY (a Corporation) et al., Respondents.

Edward B. Gregg for Appellant.

Eisner & Titchell, Gang, Tyre, Rudin & Brown and Lillick, Geary, Wheat, Adams & Charles for Respondents.

DUNIWAY, J.—This is the second appeal in this case. In the first (*Thompson* v. *California Brewing Co.*, 150 Cal.App. 2d 469 [310 P.2d 436]) this court reversed a judgment sustaining demurrers without leave to amend, as to the first two causes of action. It held (p. 477) that those causes of action, one upon an express contract and one upon an implied in fact contract, were on their face barred by the two-year limitation period prescribed by section 339, subdivision 1, of the Code of Civil Procedure. This was because the complaint, when supplemented pursuant to Code of Civil Procedure, section 426, subdivision 3, showed on its face that the defendants' use of plaintiff's idea began more than two years before the action was filed. It also held (p. 478), that plaintiff should be given an opportunity to amend by pleading "facts which, if they exist, negative the seeming bar of the statute as to the first and second counts."

■■■ Upon remand, plaintiff amended both counts, but at the trial he elected to withdraw the first count and to proceed on the second count, on the theory of an implied in fact contract to pay for his idea. At the conclusion of plaintiff's case, the court granted a nonsuit, and plaintiff again appeals. We conclude that the judgment must be affirmed.

Briefly, the cause of action pleaded in the second count, as it was before this court on the prior appeal, is that plaintiff, at defendants' request, submitted to them a "new and novel idea" for the advertising and promotion of the sale of beer. The idea, stated in a letter, is: "Brew at least 2 kinds of beer under two different labels, a man's beer and the present beer under your new label for feminine and home consumption trade." The submission was stated to be with the expectation, as defendants understood, that plaintiff would be paid if they used it. It was also alleged that they did use it in an advertising campaign. The reasonable value was stated to be $50,000.

The amended second count adds an additional zero to the claimed value of the idea. It also alleges that it was "clearly understood" between the parties that defendants might test the idea, and that if it was found to be suitable, then they might adopt and use it, in which event they "would pay to

plaintiff the reasonable value of the use of said idea, and would continue to pay for such use as long as defendants . . . continued to use" it. It is further alleged that defendants did test the idea, did, within two years preceding the filing of the action, ascertain that it was suitable, and did adopt and use it thereafter.

Thus plaintiff construed the prior opinion as holding that if it were so agreed between the parties in the alleged implied in fact contract, the statute would not commence to run until after the test period. In other words, to avoid the bar of the statute, it was necessary to show that the claimed free test period and postponed obligation to pay was one of the terms of the contract. In this we think plaintiff was correct. We are of this opinion although the prior decision does not state the matter in just those terms. In that decision it was also held that the "test" theory would *not* lift the bar of the statute as to the third count, which was based upon a tort theory of breach of confidence (see 150 Cal.App.2d at p. 478).

Moreover, we think that in the absence of an express or implied understanding that a "test" would be free, or that any obligation to pay would be postponed by the test, there would be a breach of the implied in fact contract by any use of plaintiff's idea, whether for test purposes or not, without either paying for the idea or agreeing upon terms of payment, and that such breach would start the statute running. (*Cf. Lattin* v. *Gillette*, 95 Cal. 317 [30 P. 545, 29 Am.St.Rep. 115].) In the absence of such an understanding, there was just as much a breach of contract duty when defendants started using plaintiff's idea for test purposes as there was of a delictual or tort duty under the third cause of action. It was so held as to the two contract counts that were then before the court on the prior appeal. That holding is now the law of this case.

Plaintiff's evidence does not support any implication of any such term of the implied in fact contract relied upon. We assume, but do not decide, because it is unnecessary to do so, since we find that the action is barred by the statute of limitations, that the evidence was sufficient to go to the jury on the question of whether there was an implied in fact contract to pay for plaintiff's idea, if it were used by defendants. (*Cf. Weitzenkorn* v. *Lesser*, 40 Cal.2d 778 [256 P.2d 947]; *Desny* v. *Wilder*, 46 Cal.2d 715 [299 P.2d 257]; *Yadkoe* v. *Fields*, 66 Cal.App.2d 150 [151 P.2d 906].) There is evidence that, following some preliminary correspondence, an officer

of one of the defendants invited plaintiff to come to see him and " 'discuss any plans you have for selling beer.' " Plaintiff did, and presented a letter, which he also sent to the other defendant. That letter contained, along with other suggestions, the "man's beer" idea. His own testimony shows that at this meeting the man's beer idea was not discussed, and that the idea of a test was not even mentioned. He also called on a representative of the other defendant, but there was likewise no discussion there as to either of these matters. There were no other meetings and no agreement was made. The test was never mentioned in any correspondence. Plaintiff was asked the price of his ideas, named the figure of $800,000, and that was rejected. No counter offer was made. Subsequently, he received a letter stating that the defendants were not interested.

Plaintiff attempted to get into the record testimony that if he had been told that defendants wanted to test the idea, he would have agreed, and that if the test proved the idea worthless, he would not have expected compensation. Such evidence was worthless, as no attempt was made to show any communication of these private notions to defendants. A contract term cannot be implied from an idea never communicated, and existing solely in the mind of one of the parties.

The evidence also shows without dispute that, more than two years before the complaint was filed, the defendants did, in two markets, San Diego and Sacramento, rather extensively advertise "Bull Dog Beer" as "a man's beer," while continuing to advertise and sell Acme Gold Label Beer, and that thereafter, and within the two-year period, and continuing for about a year and a half, they carried on a similar campaign throughout California. The San Diego and Sacramento campaigns were "tests." However, as we have already indicated that fact alone does not prevent the running of the statute of limitations. There being no evidence from which it can be inferred or implied that the claimed free test period was a part of the contract, the breach occurred when the first·use of the idea occurred. The statute began to run at that time, and plaintiff's own proof shows that the action is barred. (*Thompson* v. *California Brewing Co., supra,* 150 Cal.App.2d 469.)

Our holding that such a "test" as was made in this case is a breach of the implied in fact contract, giving rise, at the time the test began, to a cause of action for the value of the

idea, although it defeats the plaintiff in this case because of the statute of limitations, gives more protection to the originators and purveyors of noncopyrightable ideas than does plaintiff's present theory. Under the Weitzenkorn and Desny cases, the rule is that one to whom such an idea is offered need not pay for it unless there is a contract, express or implied in fact, to do so. This limitation is a necessary protection to those who use ideas that are otherwise in the public domain against the claims of particular individuals that they originated or suggested the idea. The latter, however, are properly held to be entitled to be paid when the circumstances of the disclosure are such that an agreement to pay can fairly be implied. Such a "test" use as was here made of plaintiff's idea immediately disclosed the idea to a substantial segment of the public in two metropolitan centers in this state, and a disclosure of that kind would certainly destroy any further marketability of the idea. Thus, absent some evidence of a contrary understanding between the parties, the law implies that the agreement to pay, if any, then became effective. Plaintiff now in effect concedes that he presented no evidence from which it can be implied that there was any such understanding. His present position is, in substance, that such test use is not to be paid for as a matter of law and that if only a test is made, the idea being then dropped, there is never an obligation to pay as a matter of law. We think that in most cases such a rule would be quite unfair to purveyors of ideas, even though, in this case, it would rescue the plaintiff from the bar of the statute of limitations. The "testing," in limited markets, of new products, brands, labels, promotional and advertising schemes, and marketing programs is common. Any rule that, as a matter of law, such a "test" is free, could seriously prejudice the legal position of persons who have ideas to sell.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 21, 1961.