[Civ. No. 25166.   Second Dist., Div. Two.   Apr. 26, 1961.]

JERRY FISHER et al., Appellants, v. C. HAROLD
MacINNESS, Respondent.

Emmett A. Tompkins for Appellants.

E. O. Berry for Respondent.

ASHBURN, J.—This is an appeal by the plaintiffs from a judgment of dismissal in favor of defendant after demurrer to the fourth amended complaint was sustained without leave to amend.

The pleading alleges that on and prior to November 23, 1954, plaintiffs were the owners of certain described real property in Los Angeles County; that on said date they sold the property to Jared R. and Mary K. Haines, which sale was completed and the deed recorded on December 24, 1954. That the said buyers "required a structural pest inspection report to be made and a certificate issued certifying as to the condition of dry rot and termites." That on November 23, 1954, plaintiffs employed defendant to inspect said property and to issue a certificate as to the condition of dry rot and termites in the building. That "the defendant reported to the plaintiffs that there was evidence of dry rot and termites, and that it was necessary to do certain work to eliminate

the dry rot and termite condition in said buildings, and the plaintiffs employed the defendant to perform the work to eliminate the dry rot and termites in said buildings." It is then alleged that defendant "did perform work on said buildings and issued a written certificate as a licensed termite and dry rot contractor certifying that the defendant as such contractor had eliminated all dry rot and termites in said buildings on said real property"; that the plaintiffs "relied upon said written certificate as issued by defendant." Plaintiffs then allege that "the defendant did said dry rot and termite work for the plaintiffs in such a negligent and reckless manner, and as a proximate result thereof that the certificate issued by the defendant was false and fraudulent. That the defendant in fact did not eliminate the dry rot and termite condition in said buildings." Further, "That the plaintiffs did not discover the negligent and false and fraudulent certificate that the defendant issued until the 29th day of March, 1956." It is alleged that "as a result of the defendant's negligence in performing said termite and dry rot work and issuing said certificate the plaintiffs were damaged in the sum of $3450.00." They pray for judgment in this amount "and such other relief as to which they may be entitled." The original complaint was filed on July 2, 1958.

Defendant demurred generally and specially to the original and all successive amended complaints. The demurrer to the fourth amended complaint is upon the ground that the facts alleged are insufficient to constitute a cause of action; that it appears from the facts alleged that the complaint is barred by the statutes of limitations, citing Code of Civil Procedure, § 338, subdivision 4 (three years on action for fraud); § 339, subdivision 1, (two years, action upon contract, obligation or liability not founded upon an instrument in writing); § 337, subdivision 1 (four years in action founded upon a written contract). It is specially urged that the complaint is uncertain in that "it cannot be ascertained . . . whether or not said employment of the said defendant by the plaintiffs . . . was by written contract or by oral contract."

The complaint plainly sounds in negligent breach of contract; the attempt to charge such breach as fraud falls of its own weight.

If treated as an action founded on contract, the special demurrer on the ground that it can not be ascertained whether or not the contract was written or oral, was properly

sustained. Upon plaintiff's failure to allege whether the contract was written or oral, the trial court was entitled to presume, for the purpose of demurrer, that it was oral. (*Wyatt* v. *Cadillac Motor Car Division,* 145 Cal.App.2d 423, 426 [302 P.2d 665].) It therefore is immaterial whether the theory was breach of an oral contract or negligent performance thereof, for the two-year statute of limitations applies to both types of action. (Code Civ. Proc., § 339, subd. 1; *Lattin* v. *Gillette,* 95 Cal. 317, 319-320 [30 P. 545, 29 Am.St. Rep. 115]; *Shumaker* v. *Rippy,* 138 Cal.App.2d 815, 816 [292 P.2d 536].) ''The giving of this certificate was the breach of their agreement, and constituted the negligence for which they became liable.'' (*Lattin* v. *Gillette, supra,* p. 320.)

The complaint does not allege when this breach or negligence occurred. However, it is obvious from the face of the complaint that it took place more than two years prior to the filing of the action on July 2, 1958—for plaintiffs allege that they became aware of the fraudulent certificate on March 29, 1956. Further, plaintiffs alleged in all prior complaints that ''within a few days'' after December 21, 1954, the defendant issued his certificate certifying that ''said work had been performed, and that the property was free and clear of all active infestation of termites. . . .''  ''The rule is that a defect in a verified complaint, by reason of an allegation which renders it vulnerable, cannot be cured simply by omitting the allegation without explanation in a later pleading. . . . Facts once alleged cannot be withdrawn from consideration by merely filing an amended pleading omitting them without explanation. Accordingly, the court was fully justified in examining and considering the original complaint. (*Neal* v. *Bank of America,* 93 Cal.App.2d 678, 682 [209 P.2d 825].)'' (*Lee* v. *Hensley,* 103 Cal.App.2d 697, 709 [230 P.2d 159].) It therefore appears that plaintiffs have not stated a cause of action, and cannot do so, whether the theory be breach of an oral contract, or negligent performance. The demurrer to the third amended complaint alleged that it could not be determined whether the contract was oral or written.[1] This defect was not cured in the present complaint; nor has there been a request for permission to amend in this respect.

---

[1] It will be noted that plaintiffs did allege in their fourth amended complaint, unlike the prior complaints, that the certificate was ''written.'' However, the certificate was not the contract. (See Witkin on California Procedure, vol. 1, § 117, pp. 620-621.)

If the action could be treated as one for recovery of damages for fraudulent representation, the three-year statute of limitations would apply (Code Civ. Proc., § 338, subd. 4). As above stated, the trial court properly could conclude that the certificate was issued in December 1954, more than three years preceding the filing of the action. Plaintiffs' allegation that they did not discover the fraudulent certificate until March 29, 1956, is insufficient. "The complaint must set forth specifically (1) the facts of the time and manner of discovery; and (2) the circumstances which excuse the failure to have made an earlier discovery." (Witkin, California Procedure, vol. 2, § 479, p. 1465.)

In view of the opportunities that have been given plaintiffs to amend, it must be presumed that they have stated their cause as completely as they can, and the trial court did not abuse its discretion in sustaining the demurrer without further leave to amend.

Judgment affirmed.

Fox, P. J., concurred.

A petition for a rehearing was denied May 22, 1961.