[No. 5212.]

# WILLIAM PILLER v. SOUTHERN PACIFIC RAILROAD COMPANY.

STATUTE OF LIMITATIONS.—The liability of a railroad company for damages for an injury done to a passenger by collision of its cars, accrues when the collision occurs and the action must be brought within two years from such time.

IDEM.—The fact that the injured person does not recover for a long time does not extend the time for bringing the action.

TWO YEARS' CLAUSE IN STATUTE OF LIMITATIONS.—The two years' limitation for commencing an action, found in the first clause of the first subdivision of sec. 339 of the Code of Civil Procedure, applies to all actions at *law* not specifically mentioned in other portions of the statute.

FOUR YEARS' CLAUSE IN STATUTE OF LIMITATIONS.—The four years' limitation for commencing actions in sec. 343 of the Code of Civil Procedure applies to all suits in equity not strictly of concurrent cognizance in law and equity.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

The plaintiff averred in his complaint that on the 5th day of June, 1872, he was a passenger on one of the defendant's trains, on its railroad from Gilroy to San José, and that on the same day a gravel train run by the defendant was going from San José to Gilroy, and that by the negligence of the defendant the two trains collided and he was injured, and that he did not recover from the effects of his injuries in two years after receiving the same. Judgment for seven thousand dollars damages was asked. The complaint was filed on the 19th day of December, 1874. The defendant demurred, because the cause of action had accrued more than two years before the suit was commenced. The Court sustained the demurrer, and final judgment was rendered for the defendant, and the plaintiff appealed.

*Houghton & Reynolds*, for the Appellant.

The damages following the injury do not constitute separate causes of action, but are parts of the same cause of action, and the plaintiff's cause of action was therefore incomplete until the subsequent parts thereof were ascertainable. (Shearman & Redfield on Negligence, sec. 606; Angell on Limitations, secs. 298, 299, 300.)

Section 399 of the Code has no application to this case. This cause of action does not fall within the definition of a contract, obligation, or liability, as those terms are used in that section. (*Gillon* v. *Buddington*, 1 Car. & P. 541; *Sutton* v. *Clark*, 1 Marsh. 429; Angell on Limitations, secs. 71, 299.)

This is a case not otherwise provided in the Limitation Act, and is covered only by sec. 343.

*S. W. Sanderson*, for the Respondent.

The facts that the bodily suffering, etc., of the plaintiff continued for one year, and that he did not fully recover from the effect of his injuries for the space of two years, and that he was compelled to employ men in his business, by reason of his injuries, for the period of one year after the accident, did not postpone the running of the statute. They do not constitute separate causes of action, but are parts of the same cause of action, and the plaintiff's right to damages therefor accrued at the date of the accident. (Shearman & Redfield on Negligence, sec. 606 *et sequens.*)

By the COURT :

The action is brought upon the alleged negligence of defendant, whereby plaintiff suffered damage.

In the present case the liability accrued when the alleged collision occurred. The plaintiff could not extend the time for bringing the action by averring that he had not recovered from his injuries when the complaint was filed.

Sec. 339 of the Code of Civil Procedure prescribes *two years*

as the period within which must be commenced " An action upon a contract, obligation, or *liability*, not founded upon an instrument in writing." " *Liability* " has been defined : " Responsibility, the state of one who is bound in law and justice to do something which may be enforced by action." And Bouvier adds : " This liability may arise from contracts express or implied, or in consequence of *torts* committed."

We are of opinion that the two years' limitation found in the first clause of the first subdivision of sec. 339 is applicable to all actions at law not specifically mentioned in other portions of the statute. We say *actions at law* advisedly, since sec. 343 fixes the time within which certain bills in equity may be filed. In arriving at the intent of the law-makers, as expressed in the statute, it is proper to consider the history of legislation in respect to the same subject in our own State, and in the country from whence our laws are in the main derived. The English statutes of limitations were not, by their terms, applicable to suits in equity, because the words used applied only to particular legal remedies. It was at one time much discussed whether Courts of Equity acted in analogy to, or were within the *spirit* of, the statutes, and so, in a sense, acted in obedience to them ; it is certain, however, that, except in cases of concurrent jurisdiction, Courts of Equity acted only in analogy to the limitations at law.

While by our Code all distinctions in pleading between suits at law and in equity are abolished, the different forms of declaration at the common law existed so long, and became so ingrained in the legal habit of thought, that the very codifiers themselves have been contented to copy the provisions of the English statutes in respect to personal actions, sometimes substituting for the technical names employed in those statutes what was supposed to be their equivalent in ordinary English. Thus reading the statute, the four years' limitation of sec. 343 applies to all suits in equity not strictly of concurrent cognizance in law and equity.

Our faith in the conclusion to which we have arrived is strengthened by considering the policy of the past legislation of the State, which has been against extending the time for com-

mencing actions for torts beyond that provided for bringing suits upon contract; and especially by the circumstance that under the fourth subdivision of sec. 339, which provides for a suit for damages by the representative of one killed by the negligence of another, the time for bringing the action is limited to *two years.*

It is hardly to be believed that it was intended that a longer · time should be given, when the person injured was not killed.

Judgment affirmed.