[Civ. No. 6591. Third Dist.—June 19, 1941.]

JOHN ITALIANI, Appellant, v. METRO–GOLDWYN–MAYER CORPORATION (a Corporation) et al., Respondents.

Arthur C. Webb for Appellant.

Loeb & Loeb for Respondents.

TUTTLE, J.—This action was brought to recover damages arising out of alleged plagiarism on the part of defendant, of a moving picture scenario which was the composition of plaintiff. A general demurrer to the amended complaint was sustained without leave to amend. This appeal is prosecuted from a judgment of dismissal thereafter entered against plaintiff.

The sole question involved is whether or not the action is barred by the statute of limitations. Appellant contends that the action is governed by the *three year* period provided in section 338, subdivision 3, of the Code of Civil Procedure. If this is true, the action is not barred. Respondents contend that the action is barred by section 339, subdivision 1 of said code, which allows two years for the commencement of an action. If they are correct, the judgment must be upheld, as the action is barred.

The complaint sets forth the fact that plaintiff is an author; that he wrote a scenario entitled "Johnny of the Circus"; that he submitted the same to defendant, Metro-Goldwyn-Mayer Corporation, but the latter rejected it as unsuitable for moving pictures, and returned it to plaintiff August 17, 1933; that within three years from the filing of the complaint "plaintiff is informed and believes and upon such information and belief alleges that the defendants and each of them, without the knowledge, consent or authority of or from the plaintiff, and continuously during said time, did deliberately and unlawfully appropriate and convert to their own use plaintiff's said literary composition and moving picture scenario, and said defendants did, for a profit, reproduce, sell, distribute and exhibit the same in a sound and talking motion picture photoplay entitled and designated 'O'Shaughnessy's Boy'. That defendants, and each of them, hold, use and represent to the public in advertising, publicity upon the screen and otherwise that said motion picture photoplay entitled 'O'Shaughnessy's Boy' is fully original with them and is their sole and exclusive property, but in truth and in fact the said motion picture photoplay entitled 'O'Shaughnessy's

Boy' copies, appropriates and embodies plaintiff's said literary composition and moving picture scenario entitled 'Johnny of the Circus' and defendants and each of them have inextricably intermingled the same with other literary matters not found in plaintiff's said literary composition and moving picture scenario herein referred to, but which defendants have cunningly and shrewdly combined therewith;" that the said motion picture photoplay "O'Shaughnessy's Boy" was released and exhibited by defendants, and that they received profits therefrom in excess of $1,000,000.

Damages are prayed for, and an accounting demanded.

Said section 338, subdivision 3, *supra,* reads as follows:

"Within three years: An action for taking, detaining, or injuring any goods, or chattels, including actions for the specific recovery of personal property."

Section 339, subdivision 1, *supra,* provides:

"Within two years: An action upon a contract, obligation or liability not founded upon an instrument of writing, other than that mentioned in subdivision two of section three hundred thirty-seven of this Code; or an action founded upon a contract, obligation or liability, evidenced by a certificate, or abstract or guaranty of title of real property, or by a policy of title insurance; provided, that the cause of action upon a contract, obligation or liability evidenced by a certificate, or abstract or guaranty of title of real property or policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder."

It is first necessary to determine the nature of the action. Appellant does not undertake to define it, other than to state that it is one "for misappropriation of literary property or conversion thereof", while respondents insist that the action sounds in tort. We believe that the position taken by respondents is sound. (*Frankel* v. *Irwin,* 34 Fed. (2d) 142.) The scenario is what the law designates as an "intellectual production". (In some instances this may be a misnomer). As such, "it is an intangible incorporeal right, and exists separate and apart from the property in the paper on which it is written, or the physical substance in which it is embodied." (13 C. J., p. 948, sec. 5–a.) The section relied upon by appellant refers to the taking, detaining or injuring any *goods or chattels* or the recovery of *personal property.*

As we construe said section, it seeks to prescribe a statute of limitation for those actions which may be classed broadly under the head of the common law actions of trover, detinue and replevin—and with the latter's statutory counterpart of claim and delivery. All of these actions involve the concept of interference with possession of, or damage to, some specific tangible property, and are not concerned with intangible or incorporeal rights which may exist in connection with, or entirely apart from any particular piece of physical property. On page 557 of Ballentine's Law Dictionary, it is stated:

"Goods and Chattels. This term is not the equivalent of 'personal estate', but is limited to visible, tangible, movable personal chattels—such as are objects of the senses—deliverable in specie and it does not include choses of action."

The property which is the basis of this damage action is clearly incorporeal. As such it has no physical existence. (Ballentine's Law Dictionary, page 628.) It certainly does not come under the designation of "goods and chattels", and obviously the action is not one to *recover* personal property.

Turning to the section relied upon by respondent, we believe that it is applicable to this tort action. It is said in *Lowe* v. *Ozmun*, 137 Cal. 257 [70 Pac. 87] (referring to said section):

"There is no doubt that this provision includes the cause of action in the case at bar, unless the latter comes expressly within some other category of limitation. 'Liability' as used in the section includes responsibility for torts, and 'is applicable to all actions at law, not specially mentioned in some portions of the statute'. (*Piller* v. *Southern Pacific R. R. Co.*, 52 Cal. 42. See, also, *Raynor* v. *Mintzer*, 72 Cal. [585] 590 [18 Pac. 82]; *McCusker* v. *Walker*, 77 Cal. [208] 212 [19 Pac. 382]; *Lattin* v. *Gillette*, 95 Cal. 317 [30 Pac. 545, 29 Am. St. Rep. 115].)"

A similar holding appears in *Lattin* v. *Gillette*, 95 Cal. 317 [30 Pac. 545, 29 Am. St. Rep. 115].

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.