[No. B156971. Second Dist., Div. Five. Oct. 30, 2002.]

In re L. T., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
L. T., Defendant and Appellant.

## COUNSEL

Jerry Sies, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Mary Sanchez and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MOSK, J.**—Defendant and appellant L. T. burned cardboard inside of a trash can located at her school. She argues that her rights were violated when the trial court sustained an arson allegation against her because the trash was not property of another for the purposes of the crime of arson (Pen. Code,

§ 451, subd. (d)).[1] We hold that trash constitutes property under section 451 and that the crime of arson only required proof that the property L. T. burned did not belong to her. Therefore, we affirm the judgment.

## FACTUAL BACKGROUND

A petition was filed under Welfare and Institutions Code section 602 alleging that L. T., a minor, committed the crime of arson in violation of section 451, subdivision (d). Walter J., a student who attended Charles Drew Middle School with L. T., testified that he saw L. T., who was holding a lighter, put her hand inside a trash can that was located on school premises. He said that his friend "saw the whole trash can burn," but Walter J. said that he only saw cardboard inside of the trash can on fire.

L. T.'s counsel moved under Welfare and Institutions Code section 701.1 to dismiss the petition on the ground that there was no violation of the arson statute because L. T. burned only the cardboard inside the trash can, and the cardboard was not the property of another. The prosecutor said that the cardboard "was property that belonged to Drew Middle School and that neither the minor nor anyone else had the right to burn that property." Stating that the "trash belonged to the school" and that "trash can be property," the trial court denied the motion.

## DISCUSSION

L. T. argues that she did not commit arson because she did not burn the property of another. She contends that she merely burned trash, and that trash is not "property" that belongs to anyone. The People contend that the trash L. T. burned was "property" that did not belong to her; hence, she committed arson when she burned it. We agree with the People.

Section 451 provides in pertinent part: "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property. [¶] . . . [¶] (d) . . . For purposes of this paragraph, arson of property does not include one burning or causing to be burned his or her own personal property unless there is an intent to defraud or there is injury to another person or another person's structure, forest land, or property." Thus, arson is committed when the "property" burned does not belong to the person causing the fire.

The trash burned does constitute "property" referred to in the arson statute (§ 451). The Penal Code defines "property" to include "personal property,"

[1]All undesignated statutory references are to the Penal Code.

which, in turn, includes "money, goods, chattels, things in action, and evidences of debt." (§ 7, subds. 10, 12; accord, Civ. Code, § 14, subd. 3.) Trash fits within this definition. "Goods" and "chattels" are things that are "visible, tangible, movable" and are "objects of the senses." (*Italiani v. Metro-Goldwyn-Mayer Corp.* (1941) 45 Cal.App.2d 464, 467 [114 P.2d 370] [citing Ballantine's Law Dict.]; see *U.S. v. Robie* (2d Cir. 1999) 166 F.3d 444, 454-456 [defendant who took stamps the post office intended to destroy as trash was liable for stealing property].)

Whatever might be the definition of "property" in other contexts, the Penal Code definition is applicable to the arson statute. Other definitions of "property," however, are consistent with the Penal Code provision. " 'The word "property" has been subjected to innumerable and various definitions. Courts have said that the word "property" is "all-embracing so as to include every intangible benefit and prerogative susceptible of possession or disposition." [Citations.] [¶] . . . [¶] [T]he construction of the word "property" depends on the context with which it is used and signifies "any valuable right or interest protected by law." ' " (*Downing v. Municipal Court* (1948) 88 Cal.App.2d 345, 350 [198 P.2d 923]; *People v. Kwok* (1998) 63 Cal.App.4th 1236, 1250-1251 [75 Cal.Rptr.2d 40].) Property thus has been broadly defined to include anything subject to ownership. (Civ. Code, §§ 654, 655; see also *People v. Kozlowski* (2002) 96 Cal.App.4th 853, 866 [117 Cal.Rptr.2d 504] ["The term [property] is all-embracing, including every intangible benefit and prerogative susceptible of possession or disposition"].) Trash is a "thing of which there may be ownership." (Civ. Code, § 654.)

■ In addition, "it is appropriate to note that the word 'property' is commonly used in two different senses. First, it is applied to those external things which are the objects of rights or estates, to those things which, in the language of Blackstone, are objects of dominion or property. [Citation.] It is also applied to the rights or estates which a man may acquire in and to things." (*Callahan v. Martin* (1935) 3 Cal.2d 110, 118 [43 P.2d 788, 101 A.L.R. 871]; see also *United States v. General Motor Corp.* (1945) 323 U.S. 373, 377-378 [65 S.Ct. 357, 359-360, 89 L.Ed. 311, 156 A.L.R. 390].) ■ Here, we use the term "property" as referring to an object rather than to rights. In contrast, in theft-based offenses, the term "property" includes the "right to use or possess a thing or the exclusive ownership of a thing" (*People v. Kozlowski, supra,* 96 Cal.App.4th at p. 866), because theft is the taking or stealing of "personal property of another." (§ 484.) Thus, rights utilized for such offenses are not applicable to the definition of property in the arson statute. The Penal Code definition of property that is applicable to the arson statute contains no requirement that the object belong to anyone.

Accordingly, the "trash" L. T. burned is "property" covered by the arson statute.

L. T. argues, based on *People v. Foster* (1981) 114 Cal.App.3d 421 [170 Cal.Rptr. 597], that even if trash can be viewed as property, the arson statute should be construed so that a violation occurs only when the trash belongs to someone other than the defendant. *People v. Foster* involved former Penal Code section 449a, which provision stated that arson occurred when "property of another person" was burned. The repeal of that section and its recodification as section 451 without the phrase "the property of another person" suggests that the Legislature intended to eliminate that condition. (*People v. Preston* (1996) 43 Cal.App.4th 450, 459 [50 Cal.Rptr.2d 778 ] ["The general rule is that the Legislature, in deleting a provision, intended a substantial change in the law"]; *People v. Olmsted* (2000) 84 Cal.App.4th 270, 276 [100 Cal.Rptr.2d 755] [language contained in former version of statute will not be read into current version of statute]; see also Code Civ. Proc., § 1858 [a court must not "insert what has been omitted" from a statute].)

L. T. also cites to *California v. Greenwood* (1988) 486 U.S. 35 [108 S.Ct. 1625, 100 L.Ed.2d 30] and *Ananda Church of Self-Realization v. Massachusetts Bay Ins. Co.* (2002) 95 Cal.App.4th 1273 [116 Cal.Rptr.2d 370] to support her theory that the trash had to belong to someone for her to be guilty of arson. In *Greenwood*, the United States Supreme Court held that the Fourth Amendment of the United States Constitution does not prohibit a warrantless search and seizure of trash left for collection outside of a home because people have no "subjective expectation of privacy in their garbage that society accepts as objectively reasonable." (*Greenwood, supra,* 486 U.S. at p. 39 [108 S.Ct. at p. 1628].) In *Ananda*, an insurance policy provision insuring against property damage, defined as injury to or loss of tangible property, did not cover the taking of documents placed in an outdoor trash barrel. The court said that "[d]ocuments which have been placed in an outdoor trash barrel no longer retain their character as the *personal property* of the one who has discarded it. By placing them into the garbage, the owner renounces the key incidents of ownership—title, possession, and the right to control." (*Ananda, supra,* 95 Cal.App.4th at p. 1282.) The court concluded that a claim for conversion or other interference with personal property rights may not be based on the taking of personalty discarded as waste, because waste is considered to be abandoned property. (*Id.* at pp. 1281-1282.) The ownership or lack of ownership of trash for purposes of insurance coverage and the Fourth Amendment, however, are issues not applicable to the definition of arson in the Penal Code. The arson statute only requires that the property burned not belong to the defendant.

The trash did not belong to L. T. The trash was in a container on school property. There is no evidence that L. T. did any act causing the trash to become her property before she set fire to it. L. T.'s theory that by burning the trash, it became her property, is meritless. Whether the trash L. T. burned belonged to the school, the city, or the city trash collectors or was abandoned property does not alter the fact that the trash did not belong to L. T.

By burning property not belonging to her, L. T. committed arson as defined in section 451.

### DISPOSITION

The judgment is affirmed.

Turner, P. J., and Grignon, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 15, 2003. Kennard, J., was of the opinion that the petition should be granted.