Filed 8/4/23 P. v. Butler CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081155 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN417911) |
| JAMES RANDOLPH BUTLER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kelly C. Mok, Judge. Affirmed as modified; remanded with directions.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Minh U. Le, Deputy Attorney General, for Plaintiff and Respondent.

After a bench trial, Butler was found guilty of arson of property (Pen. Code,[1] § 451, subd. (d)) and placed on probation. Butler's counsel on appeal has filed an opening brief asking this court to conduct an independent review

---

[1]     Undesignated statutory references are to the Penal Code.

of the record pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We granted Butler the opportunity to file a supplemental brief on his own behalf and he has not responded. Upon our independent review of the record, we identified two issues which might, if resolved favorably to Butler, result in a modification of the order granting formal probation.[2] We invited the parties to file supplemental letter briefs on the following issues: "(1) Does the $820 penalty assessment constitute an unauthorized sentence because restitution fines, the court security fee, and the criminal conviction assessment are not subject to penalty assessment? (See Pen. Code, § 1202.4, subd. (e); Pen. Code, § 1465.8, subd. (b); Gov. Code, § 70373, subd. (b); *People v. Boudames* (2006) 146 Cal.App.4th 45, 50; *People v. Allen* (2001) 88 Cal.App.4th 986, 992–993.)" and "(2) Does the order granting formal probation list the correct sum for the 'TOTAL DUE'? (See Reporter's Transcript Vol. 4, p. 411, lines 20-27.)" We received and considered the parties' submissions.

FACTUAL AND PROCEDURAL BACKGROUND

The San Diego District Attorney filed an information charging Butler with arson of property. (§ 451, subd. (d).) Butler initially requested a jury trial but later waived his constitutional right to a trial by jury and proceeded with a court trial. Evidence presented at trial revealed that on September 18, 2020, a person lit a car on fire while it was parked on a public street using a gas container, t-shirt, and a bandanna stuffed in the gas insert. The gas

---

[2]    Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

container collected after the fire held a liquid that was later confirmed to be gasoline. A law enforcement database search revealed Butler was associated with the car. Video surveillance footage obtained from two nearby establishments revealed Butler to be the individual who set the car on fire.

Police Sergeant Ronald Dement, who stayed at the scene to investigate, observed Butler return to the scene and detained him. Butler told Sergeant Dement he purchased the car several months earlier and it was not operational because, among other things, the battery and electrical system did not work. When confronted with information from the surveillance video, Butler acknowledged he was the person wearing the red shirt. He admitted putting the gas container under the hood of the car to prop it up and that the pink-colored rag belonged to him but denied starting the fire.

Sergeant Dement had the car's battery tested to rule out an electrical fire and observed that the battery did not "produce much power." He believed the fire was started intentionally by arson. The prosecutor played four jail calls between Butler and his wife where Butler instructed her to file an insurance claim on the car and the couple discussed their financial difficulties.

After the car was removed from the scene, Sergeant Dement noticed charring on the sidewalk and curb, melted material and burn marks on the asphalt, along with a liquid stain. Sergeant Dement believed the damage was caused by a fire. Sergeant Dement returned to the area a few weeks before trial. There was still charring to the cement curb and gutter and material on the asphalt, although people could drive in the area.

Butler testified at trial. He stated the car's battery worked fine and denied telling Sergeant Dement that the car did not work, claiming he told Sergeant Dement that the car had electrical problems because the

transponder did not match the ignition. He further denied acknowledging that he was the person wearing the red shirt in the surveillance video. He claimed the gas container in the engine compartment was empty and he left it there so fumes would not accumulate inside the car. He asserted that he used the rag found next to the gas container to wipe his hands off.

The trial court found beyond a reasonable doubt that Butler was the person who set fire to the car. It found that the arson caused damage to the street asphalt and the sidewalk. It also found circumstantial evidence revealed that Butler caused the fire for a fraudulent purpose. The court concluded that the People had proven both theories presented beyond a reasonable doubt; namely, that there was damage to property as well as setting the fire for an unlawful purpose.

The trial court sentenced Butler to the two year mid-term, suspended execution of sentence and placed him on two years of formal probation with various terms and conditions, including that Butler serve 120 days in county jail. It awarded 60 days actual credit and 60 days under section 4019. It imposed a $300 restitution fine (§ 1202.4, subd. (b) & § 1202.45 (stayed)), a $40 court security fee (§ 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), and a penalty assessment of $820 (§ 1465.7, subd. (a).

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. She presented no argument for reversal but asked this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Counsel raised no specific issues on appeal and instead, identified three possible, but not arguable, issues pursuant to *Anders, supra*, 386 U.S. 738, as follows, whether: (1) Butler voluntarily, knowingly and intelligently waived his right to a jury trial; and (2) sufficient evidence of (a) intent to defraud

4

existed or (b) damage to the curb and asphalt existed to constitute arson of property.  Below we address the issues identified by appellate counsel and the issues on which we requested supplemental briefing.

A.    *Waiver of Right to a Jury Trial*

The federal and state constitutions guarantee the right to trial by jury. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 16.)  Nonetheless, a jury trial "may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel."  (Cal. Const., art. I, § 16.)  A waiver of jury trial must be " 'knowing and intelligent, that is, " ' "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it," ' " ' " and " 'voluntary " ' "in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." ' " ' "  (*People v. Sivongxxay* (2017) 3 Cal.5th 151, 166 (*Sivongxxay*).)  Trial judges need not follow a rigid formula or use any particular words to ensure that a jury waiver is knowing and intelligent. (*Id.* at pp. 169–170.)

Here, the trial court advised Butler that if he waived a jury it alone would decide the matter instead of 12 members of the community who must each decide whether the prosecution has proven Butler's guilt beyond a reasonable doubt.  Butler's criminal history, spanning 20 years, is also relevant to the question of whether he knowingly and intelligently waived his right to a jury. (*Sivongxxay*, 3 Cal.5th at p. 167 [considering a defendant's prior experience with criminal justice system in determining whether waiver of jury was knowing and

5

intelligent under a totality of the circumstances].)  This issue lacks arguable merit.

B.    *Sufficiency of the Evidence*

Where a defendant challenges the sufficiency of the evidence supporting a conviction, we examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)  We presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence.  (*Ibid.*)  Reversal for insufficient evidence is warranted only when it appears that under no hypothesis whatsoever is there sufficient evidence to support the jury's verdict.  (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)  The testimony of a single witness, if believed by the trier of fact, is sufficient to support a conviction, unless that testimony is physically impossible or inherently improbable.  (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

A person is guilty of arson when the person willfully and maliciously sets fire to or burns or causes to be burned any property.  (§ 451, subd. (d).)  "Property" is defined as "real property or personal property, other than a structure or forest land."  (§ 450, subd. (c).)  Arson of property does not include one burning his or her "own personal property unless there is an intent to defraud or there is injury to another person or person's structure, forest land, or property."  (§ 451, subd. (d).)  Arson "only require[s] proof that the property . . . burned [does] not belong to" the defendant.  (*In re L.T.* (2002) 103 Cal.App.4th 262, 264.)  "The Penal Code definition of property applicable to the arson statute

6

contains no requirement that the object belong to anyone." (*Id.* at p. 265 [juvenile defendant burned cardboard inside a trash can located at her school].)

The charred cement curb and gutter, and melted asphalt constituted sufficient evidence of damage to property not belonging to Butler to support the arson of property conviction.  Arson of property also includes burning the defendant's own personal property where an intent to defraud exists.  (§ 451, subd. (d).)  The jail telephone calls between Butler and his wife constituted circumstantial evidence showing Butler set his car on fire with an intent to defraud.  This issue lacks arguable merit.

C.      *Penalty Assessment Must Be Corrected*

We invited the parties to file supplemental letter briefs on whether the $820 penalty assessment constitutes an unauthorized sentence because restitution fines, the court security fee, and the criminal conviction assessment are not subject to penalty assessment.  The parties agree the $820 penalty assessment was not improperly based on the restitution fines, the court security fee, or the criminal conviction assessment.  They also agree the penalty assessment consisted of eight separate penalties, fines, or surcharges that the court properly imposed which total $820 but were not addressed by the court at the sentencing hearing and do not otherwise appear in the record.[3]

We may consider legal errors in the imposition of fines, fees, and assessments, notwithstanding the absence of any objection.  (*People v. Hartley*

---

[3]      The eight separate penalties, fines, or surcharges totaling $820 are as follows: $200 base fine (§ 456, subd. (a) [permitting fine not exceeding $50,000 for arson conviction]); $200 penalty on base fine (§ 1464, subd. (a)(1) [requiring penalty assessment of $10 for every $10, "upon every fine, penalty, or forfeiture imposed"]); $40 (§ 1465.7, subd. (a) [requiring 20 percent state surcharge on base fine]); $100 (Gov. Code, §§ 70372, subd. (a)(1) [requiring court construction penalty of $5 for every $10, "upon every fine, penalty, or forfeiture imposed"]); $140 (§ 76000, subd. (a)(1) [requiring additional penalty

(2016) 248 Cal.App.4th 620, 637.) " '[A] detailed recitation of all the fees, fines and penalties on the record may be tedious, [but] California law does not authorize shortcuts.' " (*Id.* at p. 636.)  This recitation may be done on the record, "[o]r, in cases where the amounts and statutory bases for the penalty assessments have been set forth in a probation report, a sentencing memorandum, or some other writing, the court could state the amount and statutory basis for the base fine and make a shorthand reference in its oral pronouncement to 'penalty assessments as set forth in the' probation report, memorandum, or writing[.]" (*People v Hamed* (2013) 221 Cal.App.4th 928, 939–940.)  Here, the trial court did not orally pronounce any of the eight separate penalties, fines or surcharges that total $820, nor do these items appear in writing anywhere in the record.[4]  Accordingly, we remand the matter with directions to amend the order granting formal probation to identify the individual amounts and statutory bases for the total $820 penalty assessment. (*People v. Fromuth* (2016) 2 Cal.App.5th 91, 95, 114–115 [requiring trial court

---

of $7 for every $10 "upon every fine, penalty, or forfeiture imposed"]); $40 (§ 76000.5, subd. (a)(1) [permitting penalty of $2 for every $10 "upon every fine, penalty, or forfeiture imposed"]); $20 (§ 76104.6, subd. (a)(1) [requiring penalty to implement DNA Fingerprint, Unsolved Crime and Innocence Protection Act, in the amount of $1 for every $10, "upon every fine, penalty, or forfeiture imposed"]); and $80 (§ 76104.7, subd. (a) [requiring penalty of $4 for every $10, "upon every fine, penalty, or forfeiture imposed," into DNA Identification Fund]).

[4]      Trial courts frequently orally impose penalties and surcharges "by a shorthand reference to 'penalty assessments.'  The responsibility then falls to the trial court clerk to specify the penalties and surcharge in appropriate amounts in the minutes and, more importantly, the abstract of judgment. This is an acceptable practice." (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864.)

that granted probation to specify statutory bases of all fees, fines, and penalties].)

D.    *Victim Restitution Requires Correction*

We asked the parties to address whether the order granting formal probation listed the correct sum for the "TOTAL DUE." The parties agree that the court reserved on the issue of victim restitution to the holder of the lien on Butler's car and that the sum of $686.04 for victim restitution had properly been stricken from the order granting formal probation but improperly added to the "TOTAL DUE." The correct sum for the "TOTAL DUE" is $1,190. On remand, the trial court is directed to amend the order granting formal probation accordingly.

E.    *Conclusion*

Our review of the record pursuant to *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738, including the possible issues referred to us by his appellate counsel, have disclosed no other reasonably arguable appellate issues. We find that Butler was adequately represented both at trial and on appeal.

                          DISPOSITION

The matter is remanded to the trial court with directions to amend the order granting formal probation to (1) set forth the individual components of the $820 penalty assessment both by amounts and statutory bases, and (2) correct the sum for the "TOTAL DUE" to $1,190. The trial court is directed to forward the amended order granting formal probation to the San Diego County

9

Probation Department.  As amended, the judgment (order granting probation) is affirmed.


DO, J.

WE CONCUR:


IRION, Acting P. J.


CASTILLO, J.